## DAVID BOYNTON *vs.* JOSIAH B. MORRILL & others.

An officer, by order of A., attached goods on a writ in favor of A.; the owner of the goods sued the officer for taking them; A. assumed the defence of the suit, but verdict and judgment were rendered against the officer. *Held*, in an action by the officer against A. to recover the amount of the judgment, that A. was not estopped to show that the verdict against the officer was rendered on account of his illegal conduct subsequent to the attachment, and on account of his proceedings under other writs than that of A.

CONTRACT against Morrill and twelve others. The declaration alleged that the plaintiff was a deputy of the sheriff of Essex that the defendants placed in his hands certain writs against a

firm of George & Moody, directed him to attach certain personal property thereon, and agreed to indemnify from all loss he might sustain thereby; that he served said writs and attached said property; that one Elbridge B. Moody brought an action against him for said attachments, and recovered judgment against him; and that he had been obliged to pay the amount of the judgment, and also large sums for the defence of the suit.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff introduced evidence tending to show that he was a deputy sheriff; that there was in Haverhill a firm consisting of Gideon B. George and Joseph K. Moody, doing business under the style of George & Moody, and another firm, consisting of said Joseph K. Moody and Elbridge B. Moody, doing business under the style of Moody Brothers; that eight writs were put into the plaintiff's hands, by these defendants, against George and Joseph K. Moody; and that upon these writs, by order of these defendants, he attached the property of the firm of George & Moody, and also the interest of Joseph K. Moody in the property of the firm of Moody Brothers.

The plaintiff also put in evidence the record of a suit against him by Elbridge B. Moody, the declaration in which alleged that this plaintiff took possession of the stock of goods in the shop of said Moody, kept them for seven days, prevented said Moody from carrying on his business, and took and carried off his books of account and $200 of his money; and in which judgment was rendered against this plaintiff for $90.

The plaintiff introduced evidence that the attorney of these defendants assumed the defence of the suit brought against him by Moody, and retained counsel. Upon the question whether the attorney was authorized by the defendants to act thus, there was conflicting evidence, which it is not now necessary to report.

The plaintiff also offered evidence tending to show that, after the judgment against him, he called upon several of the defendants and requested them to pay it, and that they said they were willing to pay their several proportions.

The defendants offered evidence tending to show that the judgment against the plaintiff was recovered against him, not by reason of his having served these writs of attachment, but by reason

of his illegal conversion to his own use of money attached by him on the writs, of his conversion of money received by him from sales of some of the property attached, which had been illegally sold by his keeper, of his having secreted the books of the firm of Moody Brothers, and of his having attached and kept the property of Elbridge B. Moody upon other writs ; that at the trial of the suit against the plaintiff, the jury were instructed that a recovery could not be had against him by reason of the attachments upon the writs of these defendants, but only upon the ground that he committed illegal acts, subsequent to said attachments ; and that the jury found their verdict against the plaintiff solely upon the ground of his illegal and unauthorized acts, subsequent to said attachments, and by reason of his acts upon other writs than those of these defendants.

The judge excluded this evidence, and ruled that if the defendants assumed the defence of the action against the plaintiff, they could not be heard to inquire into the grounds upon which the verdict was found.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*D. Saunders & C. G. Saunders,* for the defendants.

*S. B. Ives, Jr., & R. C. Lincoln,* for the plaintiff.

AMES, J. The argument for the defendants rested mainly upon the ground that their attorney had no authority to assume, on their behalf, any responsibility for the defence of the plaintiff in the suit against him, except for the act of making the attachments. Whatever force there may be in this view of the case, the objection to the ruling of the presiding judge lies deeper, and the charge was erroneous, even on the assumption that there was no such excess of authority on the part of their attorney.

The jury were instructed that, if the defendants assumed the defence of the action against the attaching officer, they could not be permitted to go into any inquiry as to the grounds upon which the verdict was rendered. This ruling appears to take it for granted that the assumption of the defence implied, or carried with it, the obligation, not only to employ counsel and to incur the expenses of the defence, but also to pay all the damages which

Boynton *v.* Morrill.

might be in any event recovered. They had employed the plaintiff to make their attachments, and were interested in maintaining the validity of these attachments. To a certain extent they were bound, by the mere fact of placing their writs in his hands, to indemnify him against harm or damage incurred by him in serving them. They might well employ counsel and secure the attendance of witnesses for his defence in any suit brought against him for what he had done by virtue of these writs, and while acting in their behalf and for the purpose of securing or collecting the debts due to them respectively. But if the defence should prove unsuccessful, and the attaching officer should be held liable, for the reason that he had been guilty of illegal or unauthorized acts subsequent to their attachments, or for misconduct in the service of writs to which these defendants were not parties, or for the wrongful conversion of attached property or its proceeds to his own use, it would be unjust that they should be held to indemnify him to such an extent. By assuming the defence, they do not put themselves unconditionally in his place. It may well be supposed that they would be taken by surprise, on finding that the case raised a question of official misconduct or personal dishonesty on his part. They could in no event be gainers by his misdeeds in the service of other writs, or in his wrongful appropriation of funds to his own use, and could hardly have intended to burden themselves with any such gratuitous responsibility. What he did for them, they were bound to defend, but he should bear the burden of his own misconduct himself, if any such there were.

It appears to us therefore that the evidence offered by the defendants should have been admitted ; and that if they could satisfy the jury that the grounds of the verdict in the former suit were such as they alleged, that fact would have an important bearing upon the present case. *Exceptions sustained.*