# Jacob Meyer, et al., v. W. E. Purcell, Administrator, etc.

## Gen. No. 11,233.

1. ATTACHMENT BOND—*what cannot be inquired into in action upon.*
Where upon the issuance of an attachment writ the plaintiff in the attachment suit has given an indemnifying bond to the sheriff, upon which a recovery is subsequently had against him, the obligors in such bond cannot, in an action instituted by such sheriff or his representatives, inquire into the merits adjudicated in such attachment proceeding.

2. ATTACHMENT BOND—*effect upon, of other attachment proceedings, involving the same property.* The fact that there were other attachments levied upon the same property as that involved in the attachment bond in suit, does not relieve the obligors from their obligation of indemnity.

3. VERDICT—*when irregularity in, will not reverse.* A mere informality in the form of a verdict, which is perfectly intelligible, does not warrant a reversal of a judgment entered thereon.

Debt upon bond. Appeal from the Circuit Court of Cook County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 17, 1904.

BULKLEY, GRAY & MORE, for appellants.

ALDEN, LATHAM & YOUNG, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee is administrator of the estate of one J. H. Miller, formerly sheriff of Wahpeton county, North Dakota. He brought this suit to recover on an indemnifying instrument given by appellants to him as sheriff, in which appellants undertook to save him harmless from all costs, charges, trouble and expense of every nature, which might be occasioned by the reason of the seizure of property, of about the value of $900, under an attachment writ issued in an action brought by appellants against third parties. The instrument specially recites that, whereas, one Harvey Gillette claimed, under a chattel mortgage, the right of possession of the property levied upon, and had demanded possession of it, therefore appellants undertake to save the sheriff harm-

less against Gillette's claims.    There were other creditors who joined in attaching the same property levied upon under the writ issued in favor of appellee.    Subsequently, Harvey Gillette recovered judgment against the sheriff, which, prior to the institution of the case before us, was only partially satisfied of record.

The money realized by the sale of the attached property was applied by the sheriff toward payment of the judgment against him and no part of the proceeds ever came into the hands of appellants.    There is evidence tending to show that the sheriff paid the whole judgment recovered against him by Harvey Gillette, the claimant under the chattel mortgage.    His administrator seeks by this action to recover from appellants such sum as will reimburse him.

Appellants' counsel claim that the merits entitle them to a reversal of the judgment.    We must, however, regard the merits of the controversy between the attaching creditors and the mortgagee as settled by the judgment in favor of the latter against the sheriff.    It is true that the indemnifying instrument given to the sheriff by appellants states that the purpose of the levy was to sell the goods seized and satisfy the debt, but this was not a condition of the indemnity and if it were so considered appellants' claim may be deemed to have been satisfied to the extent of the money realized by the sheriff and coming into his hands, which, however, instead of being paid over to appellants, was applied by him in satisfaction *pro tanto* of their liability on the indemnifying agreement.

Complaint is made that the trial court erred in' permitting the introduction in evidence of the record of the judgment against the sheriff, on the ground that appellants were not parties to that suit.    There was evidence *aliunde* that the judgment was obtained to recover for the goods seized by the sheriff under the attachment writ issued in favor of appellants; in other words, for the seizure from which appellants specially agreed to save the sheriff harmless.    We regard the evidence as competent.

It is urged that the instructions given in behalf of appel-

lants are at variance with those given in behalf of appellee. If any error was committed we are of the opinion it was favorable to appellants. The fact that there were other attachments levied upon the same property does not relieve appellants from the force of the agreement made by them to indemnify the sheriff for the levy made under their writ of attachment. The property seized under that writ was in that agreement stated to be " of about the value of nine hundred dollars." It was against damages growing out of that seizure, whether more or less than that sum, that appellants agreed to protect the sheriff. It is practically impossible to apportion the damage caused by the levy of appellants' writ and those caused by other writs of attachment levied at the same instant it may be. The amount of the judgment in this case, however, does not exceed the value of the property levied upon under appellants' writ, and they are not, so far as appears, called upon to pay anything more than the liability incurred in their behalf and which the sheriff has had to pay on their account. See Am. Surety Co. v. Thurber, 121 N. Y 655.

The form of the verdict is irregular, but the irregularity was favorable to appellants. Mere informality in the form of a verdict which is perfectly intelligible does not warrant a reversal of a judgment entered thereon.

We find no error justifying the reversal of the judgment complained of, and it must be affirmed.

*Affirmed.*