[No. 12316.   Department Two.   June 21, 1915.]

NATIONAL SURETY COMPANY, *Respondent*, v. FRY COMPANY
                 *et al., Appellants.*[1]

PLEADING—ANSWER—AFFIRMATIVE DEFENSE. It is not error to sustain a demurrer to an affirmative defense when all the issues presented by the affirmative answer were sufficiently presented by the denials in the answer proper.

ABATEMENT—WRONGFUL ATTACHMENT—DEFENSES. It is no defense to a wrongful attachment that the property had already been levied upon and was held upon a prior attachment for a claim greater than the value of the property; since the prior attachment might either be released or unsustained.

INDEMNITY — JUDGMENT AGAINST INDEMNITEE — CONCLUSIVENESS — SHERIFFS—INDEMNITY BOND. Where a sheriff is sued for wrongful attachment, and gives the indemnitors notice and full opportunity to defend, in the absence of fraud or mistake, judgment against the sheriff is conclusive as between him and the indemnitors on the question of the sheriff's liability and the facts necessary to sustain it; but where two writs were in the hands of the sheriff, judgment against the sheriff would not be conclusive that the writs had been levied, since levy of both writs was not essential to the judgment.

SHERIFFS—INDEMNITY BOND—ACTIONS—EVIDENCE OF LEVY—SUFFICIENCY. In an action upon an indemnity bond, given to protect the sheriff upon the levy of a writ of attachment, the evidence sufficiently shows that the sheriff made the levy of the writ upon property already levied upon and in possession under a prior writ, where the uncontradicted testimony of the deputy sheriff was to the effect that plaintiff's attorney, upon demand on the sheriff for the return of the goods, directed the sheriff to hold the goods under plaintiff's writ in case the prior writ was released; especially where there was no evidence to overcome the presumption that the sheriff did his duty when the writ was delivered to him with demand for its levy, together with the bond of indemnity for his protection.

INDEMNITY—JUDGMENT AGAINST INDEMNITORS—CONCLUSIVENESS—SHERIFFS. A judgment against a sheriff for wrongful attachment, is conclusive against the indemnitors in the attachment bond, where the writ was actually levied on their demand and they had notice of the original action and were tendered the defense, irrespective of whether they accepted the defense made and participated therein.

[1]Reported in 149 Pac. 637.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered May 1, 1914, upon findings in favor of the plaintiff, in an action on an indemnity bond, tried to the court. Affirmed.

*Oliver Hulback*, for appellants.

*John W. Roberts* and *George L. Spirk*, for respondent.

ELLIS, J.—This is an action against attaching creditors and the sureties on the attachment bond, brought by the surety on the sheriff's official bond, who had been compelled to pay a judgment against the sheriff for the value of goods destroyed by fire while held under a wrongful attachment. In order to give any proper understanding of the issues, an extended statement is necessary.

On June 1, 1911, the defendant A. C. Fry & Company commenced an action in the superior court for King county against C. Cazone and wife, and delivered to the sheriff a writ of attachment, together with an indemnity bond upon which the defendants English and Lavansky were sureties. On the same day, Lewis C. Troughton brought an action in the justice court against the same defendants, and delivered to the sheriff a writ of attachment, together with an indemnity bond. The sheriff took possession of certain chattels and stored them in a warehouse. There was no direct evidence to show under which writ the chattels were attached or whether a levy was made under both writs; but the deputy sheriff, who had the attachments in charge, testified that, in June, 1911, the attorney for defendant Fry & Company instructed him to hold the goods under the Fry & Company attachment in case of the release of the Troughton attachment. On June 12, 1911, Chrysanthe Cazone, wife of C. Cazone, made demand on the sheriff for the return of part of the chattels attached, claiming them as her separate property. Notice of this demand was given to the defendant Fry & Company. It is not claimed that that company then dis-

claimed the attachment or authorized a redelivery of the goods. The sheriff did not comply with this demand. On June 21, 1911, Mrs. Cazone assigned her claim to C. D. Kostglos. On June 26, 1911, the actions of Fry & Company and of Troughton were settled and dismissed and Kostglos received an order from the sheriff on the warehouse for the goods, but they had already been destroyed by fire. In September, 1911, Kostglos brought an action against the sheriff for the value of the goods. Fry & Company and the other defendants here were notified and requested to defend the sheriff in the Kostglos suit. This notice was in writing and its service and sufficiency are not questioned. Troughton defended by an attorney. The evidence as to whether or not A. C. Fry & Company and English and Lavansky participated in the defense is in conflict. Plaintiff's attorney, who represented the sheriff in the original action, testified to the effect that defendants' attorney, in response to the notice, called, talked over the whole matter with him, and told plaintiff's attorney to go ahead with the case, adding, "You know more about it than I do, and anything you do will be all right with me." He also testified to the effect that the sheriff's answer was afterwards submitted to and approved by defendants' attorney. Judgment went against the sheriff for $50 and costs in favor of Kostglos, who assigned his judgment to F. M. Wilson. Wilson brought suit against the National Surety Company, as surety on the sheriff's official bond, to recover the amount of the judgment. The sheriff was later made a party defendant to that action and the defendants here were notified and requested to defend, but did not do so. Judgment was entered against the sheriff and the National Surety Company.

The Surety Company paid the judgment, took an assignment of the sheriff's rights against the attaching creditors and their bondsmen, and brought this action. In its complaint, it alleged the delivery of the two writs of attachment; that the sheriff levied the respective writs at the

request of the defendants Fry & Company and Troughton and as directed by their attorney; that the defendants were notified and requested to defend both of the prior actions and actually participated in the defense of the original action against the sheriff, and alleged generally the facts above stated.   Troughton made no appearance and a default was entered against him.   Fry & Company, English and Lavansky answered, denying that the sheriff made any levy under the Fry & Company writ, denying that they directed the defense of the action against the sheriff or in any manner participated in the defense, denying any liability in the premises; and, for an affirmative defense, alleged that the property was attached under the Troughton writ, and that the Troughton claim exceeded the value of the property, and hence there was no property that could be subject to the Fry & Company writ.   A demurrer to this affirmative matter was sustained.

At the close of the plaintiff's evidence, the defendants moved for a nonsuit on the ground that there was no evidence that Fry & Company had directed the levy of the attachment or that any levy had been made under its writ. The court denied the motion.   A colloquy between the court and counsel indicated that the denial was mainly upon the ground that the defendants had been notified and requested to defend the original actions and hence were bound by the judgments therein.   The court, however, indicated that his ruling was also partly upon the oral evidence which had been introduced.

As to the scope of the defense which would be permitted, the court advised counsel for the defendants that he might offer any evidence he desired in order to preserve the record. The only evidence introduced or offered by the defendants was the testimony of their attorney denying that he had in any manner defended, or assisted in, or authorized the defense in the original action.   The court found for the plain-

tiff and entered judgment in its favor. The defendants Fry & Company, English and Lavansky appeal.

It is first contended that the court erred in sustaining the demurrer to the defendants' so-called affirmative defenses. We find no error in this. Whatever the grounds upon which the demurrer was sustained, we are clear that it might have been properly sustained upon the ground that every issue presented by the affirmative matter was sufficiently presented by the denials contained in the answer proper. The fact, if it be a fact, that the Troughton claim was more than the value of the property, was immaterial. Troughton might have released his attachment or might have been unable to sustain his claim, in either of which events the Fry & Company attachment, assuming that it was subsequent to the Troughton attachment, would still have held the property. Rem. & Bal. Code, § 657 (P. C. 81 § 433); *Meyer v. Purcell*, 114 Ill. App. 472.

The appellants' main contention is that the findings of the trial court to the effect that the Fry & Company writ was actually levied and the property held thereunder, and that the appellants accepted the defense in the original action through their attorney, are not supported by the evidence.

It is conceded, of course, that respondent here is subrogated to whatever rights the sheriff would have against the appellants. The respondent claims that the appellants, having been given notice of the action against the sheriff and accorded an opportunity to appear to defend, are bound absolutely by the judgment against the sheriff, and can offer no defense in an action by the sheriff against them on the indemnity bond. It is therefore argued that the finding in the original suit against the sheriff that the Fry & Company writ was actually levied and the goods held thereunder as well as under the Troughton writ, was conclusive evidence of that fact in this action. The respondent's statement of the rule is too broad, and the argument based thereon seems

to us unsound. The correct rule is that, when a sheriff is sued touching a matter upon which he has taken a bond of indemnity, and gives the indemnitors notice, offering ample opportunity to appear and defend or aid in the defense, the judgment against the sheriff, in the absence of fraud, collusion, or mistake, is conclusive as between him and the indemnitors on the question of the sheriff's liability and the facts necessary to establish it. The cases cited by the appellants, so far as pertinent at all, go no further when confined to their facts. *Miller v. Rhoades*, 20 Ohio St. 494; *Davis v. Smith*, 79 Me. 351, 10 Atl. 55; *Meyer v. Purcell*, *supra*; *Train v. Gold*, 5 Pick. 380.

The case of *Van de Vanter v. Davis*, 23 Wash. 693, 63 Pac. 555, does not touch the question here involved. The foregoing is also the general rule as to the extent of the conclusive effect of judgments as against persons not parties thereto, but liable over either by express contract or by operation of law. *City of Bloomington v. Roush*, 13 Ill. App. 339; *Littleton v. Richardson*, 34 N. H. 179, 66 Am. Dec. 759; *Veazie v. Penobscot R. Co.*, 49 Me. 119; *Town of Waterbury v. Waterbury Traction Co.*, 74 Conn. 152, 50 Atl. 3. See, also, *Spokane v. Costello*, 33 Wash. 98, 74 Pac. 58. There are decisions which hold that, even in the absence of notice and opportunity to defend, the judgment is *prima facie* evidence against the indemnitors, but these also hold it is only *prima facie* evidence as to the fact and amount of the officer's liability. *Charles v. Hoskins*, 14 Iowa 471, 83 Am. Dec. 378, and note. There are other decisions holding that the judgment, even without notice, is conclusive as against the indemnitors, but only as to those things going to establish the existence and extent of the indemnitors' liability. *Conner v. Reeves*, 103 N. Y. 527, 9 N. E. 439; *Pasewalk v. Bollman*, 29 Neb. 519, 45 N. W. 780, 26 Am. St. 399. These decisions usually rest upon the peculiar wording of the bond or contract of indemnity. *Costello v. Bridges*, 81 Wash. 192, 142 Pac. 687, L. R. A. 1915 A.

853. Whatever the effect of notice or lack of notice, we have been cited to no decision, and have found none, in which it has been held that the judgment against the indemnitee, whether an officer or not, is conclusive against the indemnitor except as to those things essential to establish a liability on the part of the indemnitee and as to the amount of that liability. We know of no case holding that the judgment is conclusive of collateral issues material only as between the indemnitee and the indemnitor, but not essential to a recovery by the injured party in an action against the indemnitee.

In the present case, it may be soundly asserted that, since the original action was against the sheriff in his official capacity for wrongful attachment, it was necessary to a recovery in that action to prove that he held the goods under an attachment. Had the Fry & Company writ been the only writ delivered to the sheriff for levy on these goods, then it might be successfully asserted that the finding in the original action of the levy of that attachment would be conclusive of the question against the appellants in this action. But it is admitted that the two writs were delivered to the sheriff for levy upon these goods. Proof in the original action that either one of these was levied and the goods held thereunder would have been sufficient to warrant judgment against the sheriff in that action. It cannot be postulated, therefore, that a finding of the levy of both of the writs was an essential to the judgment in that action. Since the original action might have been sustained without proof of any levy or holding by the sheriff under the Fry & Company writ, the judgment in that action was not presumptive evidence of that fact, which must be established in this action. *Boynton v. Morrill*, 111 Mass. 4.

We have discussed this matter thus fully because the extensive briefs are almost wholly devoted to it, and the court seems to have been impressed with the view that the judgment was conclusive of the fact that the goods were being

held under the Fry & Company writ. Though this view was erroneous, it does not follow that the finding complained of was not supported by competent evidence. As pointed out in our statement of the case, the deputy sheriff, who had both attachments in charge, testified that, at about the time when Mrs. Cazone made demand upon the sheriff for the goods, the attorney for the appellants and acting in their behalf directed that, if the Troughton attachment were released, the goods should be still held under the Fry & Company writ. The attorney, the one person who could have contradicted this testimony, if it was false, subsequently took the witness stand, but did not contradict it. It will not do to say that he was precluded from so doing by the court's ruling on the demurrer to the affirmative defenses and on the motion for a nonsuit, since the court expressly advised counsel that he might offer any evidence which he deemed pertinent. Had counsel for the appellants offered his own testimony in contradiction of that of the deputy sheriff above noticed, it is fair to assume that it would have been received, since the court did admit his testimony in contradiction of that of the attorney for the respondents touching the question of the appellants' participation in the defense of the original action.

There is another consideration which also tends to support the court's finding that the Fry & Company writ was actually levied. Its writ was delivered to the sheriff for the purpose of levy, together with the bond of indemnity, for his protection in making the levy. It thereupon became the sheriff's duty to make the levy and, in the absence of proof to the contrary, there is a presumption that the officer performed his duty. We think, therefore, that, aside from any presumption raised by the findings and judgment in the original suit, there was evidence sufficient to sustain the finding of the court that the Fry & Company writ was actually levied, and that the goods were being held thereunder at the time of their destruction.

Whether the appellants, through their attorney, accepted the defense of the original action by adopting the sheriff's defense through the sheriff's attorney, as testified to by that attorney, which was apparently the basis of the court's finding that the appellants accepted and participated in the defense in the original action, is a question upon which the evidence was, as we have seen, in sharp conflict. It certainly cannot be said that the finding was supported by no competent evidence. Nor can we say that the evidence preponderates against the finding. In such cases, it is the established rule that we will not disturb the court's findings. *Johns v. Arizona Fire Ins. Co.*, 76 Wash. 349, 136 Pac. 120, 49 L. R. A. (N. S.) 101. This last finding, however, was not essential to sustain the judgment. The finding of the court upon what we have held sufficient evidence, that the Fry & Company writ was actually levied and that the goods were being held thereunder, and the admission that the appellants had notice of the original action against the sheriff and were tendered the defense of that action, were sufficient to make the judgment conclusive upon the appellants as to the fact and amount of the sheriff's liability.

The judgment is affirmed.

MORRIS, C. J., MAIN, FULLERTON, and CROW, JJ., concur.