[No. 14228. Department One.  April 22, 1918.]

## DONALD McRAE, *Appellant*, v. ANGELES BREWING COMPANY *et al., Respondents.*[1]

INDEMNITY—REPLEVIN BOND—LIABILITY OVER—PERSONS NOT PARTIES OR LIABLE BY OPERATION OF LAW. Where a sheriff wrongfully replevied property in a suit by a receiver, and under judgment on the replevin bond, there was no return of the property, which was assigned by the receiver, and the receiver's bondsman was held liable and recovered judgment against the sheriff, the sheriff cannot recover over from the receiver's assignee, to whom the replevied property had been delivered by the sheriff upon demand, such assignee, not having been a party to the former action; inasmuch as such assignee was not liable by express contract or by operation of law by reason of the fact that the sheriff had turned the property over, as his duty required; the receiver having presumably obtained value for the property when assigned, and there being no showing that assets in his hands were insufficient to pay the claim.

Appeal from a judgment of the superior court for King county, French, J., entered February 6, 1917, upon sustaining a demurrer to the complaint, dismissing an action to recover the amount of a judgment against a sheriff through the levy of a writ of replevin. Affirmed.

*Hathaway, Beebe & Hathaway*, for appellant.

*Frank A. Steele* and *Edgar C. Snyder*, for respondents.

[1]Reported in 172 Pac. 263.

MAIN, J.—The plaintiff brought this action for the purpose of recovering the amount of a judgment and costs which had previously been rendered against him as sheriff of Snohomish county, which judgment, it is claimed, resulted from the levy of a writ of replevin upon certain personal property. When the cause came on for trial, the defendants demurred *ore tenus* to the complaint, and objected to the introduction of any evidence in support thereof because no cause of action was stated. After argument, the position of the defendants was sustained. The plaintiff thereupon declined to plead further and elected to stand upon the complaint, and a judgment was entered dismissing the action. From this judgment, the plaintiff appeals.

The controlling facts in the complaint may be stated as follows: The Angeles Brewing & Malting Company was a corporation organized and existing under the laws of this state. On April 18, 1910, this company being financially embarrassed, one J. F. Janecke was appointed a receiver therefor. The surety on the receiver's official bond was the Fidelity & Deposit Company of Maryland. On the 26th day of March, 1913, the receiver commenced an action in the superior court of Snohomish county for the recovery of certain personal property which he claimed belonged to the Angeles Brewing & Malting Company. The defendants in this action were A. E. Kick and wife. When the action was instituted, the receiver gave a bond in replevin upon which the National Surety Company was surety. When the bond was filed, a writ of replevin was issued and delivered to the appellant, as sheriff of Snohomish county, and he immediately took possession of the property in dispute in the action. While the replevin action was pending, the receiver for the Angeles Brewing & Malting Company sold and transferred the assets of that company to the Angeles Brewing Com-

pany, a corporation. A part of the property covered by this transfer was that in dispute in the replevin action. On June 30, 1913, E. C. Snyder, acting as the agent or attorney for the Angeles Brewing Company, requested the appellant to turn over to the latter company the property which he held under the writ of replevin. This was done. Subsequently the replevin action went to trial and resulted in a finding that Kick and wife were the owners of the property in dispute in the replevin action, and the judgment ordered the return thereof to them, and that, in the event of failure to return the property, judgment be entered for $250 and the costs against the plaintiff in that action. The property was not returned, and the judgment was so entered. This judgment not being paid by the receiver, who was the plaintiff in the action, a judgment was obtained against the National Surety Company, the surety on the replevin bond, for $297.92, which judgment was paid by the surety company. On the 26th day of August, 1914, the National Surety Company filed a claim for the amount of this judgment and the costs which it had sustained, with the receiver for the Angeles Brewing & Malting Company. This claim was subsequently allowed by the receiver. Thereafter the Fidelity & Deposit Company, the surety on the receiver's official bond, paid to the National Surety Company, the surety on the replevin bond, the amount of the claim and took an assignment thereof. On the 8th day of January, 1916, the Fidelity & Deposit Company of Maryland instituted an action against the appellant to recover the amount paid by it to the National Surety Company, and recovered a judgment against the appellant and the United States Fidelity & Guaranty Company, the surety on his official bond as sheriff. After this action had been begun, notice thereof was given to both of the respondents, coupled with the de-

mand that they defend the action. This they did not
do. Subsequently and on the 8th day of May, 1916,
judgment was rendered against the appellant and the
surety on his bond in the sum of $441.82. The present
action was begun to recover from the respondents the
amount of this judgment.

The theory of the complaint, if we have correctly in-
terpreted it, is that the property in dispute in the re-
plevin action was wrongfully and fraudulently obtained
by the Angeles Brewing Company while that action
was pending. As we view it, however, the represen-
tations at the time the property was delivered to the
Angeles Brewing Company are immaterial. At that
time the appellant held the property under a writ of
replevin and no redelivery was either theretofore or
thereafter given. Consequently it became his duty up-
on the expiration of three days and the payment of his
costs, to turn the property over to the plaintiff in the
replevin action, the receiver for the Angeles Brewing
& Malting Company. But the receiver had, prior to
this time, sold and transferred the property to the An-
geles Brewing Company. Therefore, when the prop-
erty was turned over to the latter company, it passed
to the grantee of the plaintiff in the replevin action.
No redelivery bond having been given, the bond in re-
plevin stood for the property. The respondents here
were not parties to the action against appellant which
resulted in the judgment which is the basis of the pres-
ent action. Not being parties to that action, the notice
to them of the pendency of the action and the demand
that they defend the same would not obligate them to
pay the judgment, unless they were liable over either
by express contract or by operation of law. *National
Surety Co. v. Fry Co.*, 86 Wash. 118, 149 Pac. 637. Ob-
viously, they were not liable by express contract, and
it seems equally clear that a liability could not arise

by operation of law by reason of the fact that the sheriff, at the request of the agent or attorney for the Angeles Brewing Company, did an act which it was his duty to do. There being no liability on the part of the respondents, either by express contract or by operation of law, they were not required, in response to the notice and demand, to appear and defend the action.

While the question is not before us, it may not be inappropriate to say that we do not understand upon what theory the judgment was rendered against the appellant, as sheriff, and his bondsman in the action brought by the Fidelity & Deposit Company of Maryland. The property of the Angeles Brewing & Malting Company had been sold by the receiver and, presumably at least, he had received compensation therefor which became a part of the funds in his hands.

The claim of the National Surety Company, the surety on the replevin bond, was filed with the receiver and allowed. There is no showing that the assets in the receiver's hands were not sufficient to pay this claim. The Fidelity & Deposit Company of Maryland, the surety on the receiver's official bond, was therefore a mere volunteer when it paid the amount of the claim of the National Surety Company, the surety on the replevin bond. But it is unnecessary to pursue this question because no appeal has been prosecuted from that judgment.

The judgment will be affirmed.

ELLIS, C. J., FULLERTON, PARKER, and WEBSTER, JJ., concur.