UNITED STATES FIDELITY & GUARANTY CO. v. BANK OF HATTIESBURG.

[91 South. 344. No. 22473.]

INDEMNITY. *Indemnitor of surety on bond on appeal from justice of of the peace not released by execution of another bond on further appeal.*

A person who in order to induce another to become surety on an appeal and *supersedeas* bond of a judgment debtor in an appeal from a court of a justice of the peace to the circuit court signs an agreement by which he undertakes to indemnify and save such surety harmless against all demands, liabilities, charges, and expenses incurred by virtue of becoming such surety, and the trial of said cause in the circuit court results in a judgment against the judgment debtor and such surety, as principals, as is authorized by law, and thereupon such judgment debtor and surety appeal said cause to the supreme court on an appeal bond with *supersedeas* with other sureties, and said cause is affirmed by the supreme court, and said surety on said first appeal bond pays and satisfies such judgment, the said indemnitor is not released under his indemnity agreement from reimbursing said first surety, the indemnitee, by virtue of the giving of the said second appeal and *supersedeas* bond with other sureties.

APPEAL from chancery court of Forrest county.

HON. V. A. GRIFFITH, Chancellor.

Proceedings by the United States Fidelity & Guaranty Company for allowance of a claim against the estate of W. E. Herrin, deceased, contested by the Bank of Hattiesburg, executor. From decree disallowing the claim, the claimant appeals. Reversed and rendered.

*William M. Hall,* for appellant.

Appellee's theory upon which the court acted was, as we understand it, that Stollenwerck's appeal to the supreme court was in the nature of an extension of time of payment, and that the last bond discharged the appellee.

and that it discharged and released its indemnitor Herrin. That is to say, appellant was under such circumstances a volunteer when it paid the judgment and had no recourse against the estate of its indemnitor.

This theory was evidently based upon the general rule of suretyship, that as between successive sureties, the last surety is liable because the sureties on each bond when given interfered with the rights of preceding sureties. Appellee in its application of that rule overlooks the fact that while the last surety thereunder has the primary liability, they are all liable to the creditor. *Moore* v. *Lassiter*, 16 Lea (Tenn.) 630; *Shannon* v. *Doge*, 18 Colo. 164; *Becker* v. *People*, 164 Ill. 267; *Coonradt* v. *Campbell*, 29 Kan. 391; *Boaz* v. *Milliken*, 4 Ky. Law, 700; *Chester* v. *Broderick*, 131 N. Y. 549; *Howard Ins. Co.* v. *Silverberg*, 89 Fed. 168.

Even under that rule, appellant guaranty company was not discharged from its obligation to the judgment creditor, and its payment, therefore, could not have been as a volunteer. That rule does not obtain in Mississippi. It would not consist with the Mississippi statutes. This rule was suggested by counsel for the appellant in the case of *U. S. Fidelity & Guaranty* v. *Jackson*, 86 So. 456, 123 Miss. 676, and the court disregarded it, evidently on the idea that it was not applicable under the statutes, and based its decision on the Mississippi statute.

The judgment in the circuit court was against Stollenwerck and his surety, this appellant, and appellant thereby became a principal and was such on further appeals. *Jayne* v. *Lumber Company*, 108 Miss. 449. The appellant was therefore the principal to the surety on subsequent bonds, not a supplemental surety under the general rule mentioned hereinbefore. Appellant either had to pay the judgment or join in the appeal. *U. S. Fidelity & Guaranty Co.* v. *Jackson*, 86 So. 456, 123 Miss. 676.

Since appellant could have been forced into the appeal, appellee cannot complain because it did not object when

Stollenwerck joined it in the appeal. The decedent, or his representative, would doubtless have complained if appellant had not accepted the suspension of its liability effected by the appeal, and had paid the judgment. In view of the position a surety is placed in under the statutes by a judgment, an indemnitor cannot be fairly heard to complain when a surety joins in an appeal. Moreover, the indemnitor was not hurt by this appeal. The judgment which appellant paid after the appeal was less than the judgment against it in the circuit court.

*The complaint that appellee could make under the successive surety rule would be that some one against whom he would have recourse had been discharged. Appellant has not released anybody, and appellee's recourse against whoever it considers ultimately liable is unimpaired.* Since all sureties continued liable to the judgment creditor under the general rule which appellee appears to invoke, whatever the liability as between themselves, there can be no question about appellant's obligation to pay the judgment of the supreme court, and in view of Code section 2668, Hemingway's Code, 5134, requiring it to pay the judgment or forfeit its right to do business in the state, it had no option but to make the settlement, and the appellant's act could not possibly constitute it a volunteer. In the case of *U. S. Fidelity & Guaranty Company* v. *Sandoval,* 223 U. S. 227, 56 L. Ed. 415, the supreme court of the United States held that the guaranty company was not a volunteer when it paid a judgment after affirmance by the highest court in the territory of Arizona, because of the threat of the governor of the state to forfeit its license to do business if did not to so, notwithstanding its principal's notice of an appeal therefrom to the supreme court of the United States.

The decree of the chancery court should be reversed and appellee should be authorized and directed to pay appellant's claim.

*Currie & Smith,* for executor.

It will be observed in the contest now before the court that Mr. Herren was not even a surety on the bond in the justice court but that he was a mere indemnitor. His obligation was to discharge liability by reason of a judgment of the justice court upon a bond for appeal to the circuit court. The liability here sought to be enforced is not liability assumed by Mr. Herren but is a liability arising by reason of a judgment not of the justice court but of the supreme court. (2) The cases cited concern themselves only with the rights of the appellee, and not with the relative rights of sureties, on different bonds.

It may be admitted for the sake of the argument that C. O. Eure, the appellee, could have held both sets of sureties but this is far from saying that the sureties on a *supersedeas* bond to the supreme court can in anywise hold the sureties on the appeal bond from the justice court to the circuit court and unless this could be done the United States Fidelity & Guaranty Company has no enforcible claim against the estate of Mr. Herren. Some of the cases most relied upon by counsel for the surety company are from New York, whose court makes the very distinction we are here pointing out. In the case of *Wronkow* v. *Oakley,* 133 N. Y. 505, 28 Am. St. Rep. 663, we find the following language: "Upon the affirmance of the judgment by the latter court, the sureties on the last appeal bond took an assignment of the judgments and in their hands there was no longer any liability on the part of the sureties on the first appeal. Such sureties became, on the giving of the second undertaking to pay the judgments, sureties for the second sureties, and when the second sureties paid or discharged their obligation to the owner of such judgments and took an assignment of them, they could not enforce them against the first sureties. We submit that this case shows very clearly the reasoning of the cases cited by counsel which is only to the effect that the plaintiff may hold the sureties but that the second

set of sureties have no rights against the first sureties. The same is true with reference to the New York cases cited by counsel with reference to the result if a reversal is set aside upon further appeal.

Counsel argues that the appeal to the supreme court did not avoid or extinguish the judgment or the lien and that it did not add to the liability of the surety company. He further claims that it did not thereby increase or charge the liability of the estate of Mr. Herren. It may be that the appeal did not increase the liability; however, it delayed the time of settlement and made it impossible for Mr. Herren or the plaintiff to pursue the defendant Stollenwerck at a time when it may have been possible to have collected the entire judgment. Of course the surety company and the defendant had a right to appeal but they had no right to appeal to the prejudice of the rights of Mr. Herren without his consent as they elected to do. It is a familiar doctrine that any surety is released if the time of payment is extended or delayed without his consent.

We call the court's attention to the case of *Fidelity and Deposit Company of Maryland* v. *Jacob Gerber,* 6 L. R. A. (N. S.) page 1021, for a lucid discussion of the principles upon which the executor bases its refusal to pay the claim here in question.

The early Alabama case of *Winston* v. *Rives,* 4 Stew. 269 (cited in the note), appears to be exactly in point with the question now before the court; in that case it was held that the sureties on a writ of error bond, in a cause removed from a county to a circuit court were discharged by their principal entering into a new writ of error bond to remove the cause to the supreme court.

For the reasons stated we respectfully submit that this claim should be denied, and that the decree of the chancellor should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant, United States Fidelity & Guaranty Company, probated its claim for four hundred sixty-one dollars and fifty-one cents against the estate of W. E. Herren, deceased, whose estate was being administered in the chancery court of Forrest county by the appellee, Bank of Hattiesburg, as executor of the will of said decedent. The said claim was contested by the appellee, resulting in a decree disallowing the same, from which decree appellant prosecutes this appeal.

There is no issue of fact involved, only one of law. The case is this: C. O. Eure brought suit in the court of a justice of the peace, and recovered judgment against E. F. Stollenwerck, from which judgment the latter appealed with *supersedeas* to the circuit court, giving an appeal and *supersedeas* bond in the sum of five hundred dollars, with appellant as sole surety. There was attached to the written application of said judgment debtor, Stollenwerck, made to appellant to become such surety, a contract of indemnity headed "Special Indemnity Agreement," signed by the testator, Herren, in this language:

"I, the undersigned, hereby agree to indemnify and keep the United States Fidelity & Guaranty Company indemnified and hold and save it harmless from and against any and all demands, liabilities, charges and expenses of whatsoever kind or nature, which it may at any time sustain or incur by reason of or in consequence of having executed the above described bond, and I do further guarantee that the charges for executing and continuing upon the bond will be paid as agreed until the company has been released from liability thereunder."

The said Herren died between the time of the execution of said agreement and the bringing of this suit. There was a trial in the circuit court, resulting in a judgment against Stollenwerck in the sum of six hundred nineteen dollars and thirty-five cents, with interest and cost, and

against appellant as such surety on said bond in the sum of five hundred dollars, the penalty of the bond. Thereupon both said Stollenwerck and appellant appealed said cause to the supreme court, both joining in one appeal bond with *supersedeas,* with two sureties. On that appeal the judgment of the circuit court was affirmed. The amount of the judgment on affirmance by the supreme court, including interest, damages, and costs, was seven hundred eleven dollars and eleven cents, which, of course, was rendered by said court against said Stollenwerck and appellant as principals, as well as against the sureties on their appeal and *supersedeas* bond. At the time of the taking of said appeal to the supreme court said Stollenwerck deposited with the sureties on the appeal and *supersedeas* bond given by him and appellant two hundred and fifty dollars in cash for the purpose of saving said sureties harmless to that extent, in the event of the affirmance of said cause. After its affirmance by the supreme court that deposit was by said sureties applied on said judgment, leaving a balance due thereon of four hundred sixty-one dollars and fifteen cents, which amount appellant paid, and, conceiving that the estate of said Herren had by virtue of said indemnity agreement become liable to reimburse it therefor, probated its claim for that amount against his estate, which, as stated above, was disallowed by the court below.

The contention of appellee is, and the court below so held, that by virtue of the giving of the second appeal and *supersedeas* bond, in the appeal from the circuit court to the supreme court, with other sureties than the surety on the first bond, the liability of the estate of said decedent, Herren, on said indemnity agreement was discharged. The principal authority relied on to support this theory is *Deposit Co.* v. *Bowen,* 123 Iowa, 356, 98 N. W. 897, 6 L. R. A. (N. S.) 1021. That case involved a question of subrogation against the principal debtor as between two sets of sureties for the same obligation. The court held that a surety on an appeal bond will not upon paying the

judgment rendered against the principal be subrogated to the creditor's remedies against the sureties on a prior bond of the same debtor, in the absence of special circumstances rendering his equities equal or superior to theirs.

If that principle has any application here, we are unable to see it. In the case at bar we have a contest, not between two sets of sureties on separate bonds for the same obligation, but a contest between an indemnitor of a surety on the first appeal bond and such surety, the indemnitee; the former claiming a discharge of liability on his contract of indemnity because the latter in an effort to avoid liability as such surety joined as principal with other sureties in the execution of a second appeal and *supersedeas* bond. The judgment rendered by the circuit court against the judgment debtor, Stollenwerck, and appellant, his surety, was based on the identical cause of action which was superseded by the first bond. Thereupon the appellant, as to the sureties on the second bond, became with said Stollenwerck a principal judgment debtor, and primarily liable. It is true that as to Stollenwerck, the principal judgment debtor, appellant never occupied any other relation except that of surety. The question is, as such surety, what did appellant do which under the law had the effect to discharge its indemnitor, Herren? We think nothing. There is nothing in the record in this case tending in the least to show that appellant was not from beginning to end, in the utmost good faith, seeking to save itself and thereby save the appellee from loss as such indemnitor. The judgment rendered by the supreme court was based on the same cause of action that was superseded by each of said bonds, on the first of which appellant, as shown above, was surety, and on the second one of the principals.

Appellee contends further that appellant did not make out its case because it failed to establish that payment of the judgment in question could not have been enforced against the principal debtor, Stollenwerck. The solution of this question depends on the character of obligation en-

tered into by the said decedent, Herren. It is headed, "Special Indemnity Agreement," and provided in substance that Herren would indemnify and save harmless appellant as such surety from and against all demands, liabilities, charges, and expenses whatsoever incurred by appellant by virtue of its suretyship. Contracts of indemnity are distinguished from contracts of guaranty and suretyship, in that in indemnity contracts the agreement is to make good and save another from loss upon some obligation which the indemnitee has incurred or is about to incur to a third person, and it is not, as in a case of guaranty and suretyship, a promise to one to whom another is responsible. 22 Cyc. 80. Clearly, therefore, this is an indemnity contract. And in the absence of any express agreement it was not a condition precedent to recovery that appellant, indemnitee, should have first sought reimbursement for the loss sustained from the principal debtor, Stollenwerck. 22 Cyc. 102.

The final judgment against appellant and its discharge by it was all that appellant was required to allege and prove to make out its case.

Reversed, and judgment here for appellant.

*Reversed.*