## No. 11,516.

AMERICAN SURETY COMPANY OF NEW YORK *v.* SHUMAKER, ET AL.

Decided April 4, 1927.

Action on indemnity bond.   Judgment for plaintiff for an insufficient amount.

### *Reversed.*

1.  BONDS—*Indemnity—Liability.*   Principals on an indemnity bond given to insure a bonding company against loss for payment of bank deposits, held, under the terms of their bond, to be liable to the company when its liability for payment accrued, and again when it paid the amount due under its bond.

2.  SUBROGATION—*Certificate of Deposit—Surety Company.*   Where a surety company under the terms of its bond paid to the state the amount of deposits in an insolvent bank represented by a certificate of deposit, it became subrogated to the rights of the state under the certificate, which right passed to indemnitors if and when they reimbursed the surety company.

3.  CONVERSION—*Right of Action.*   To maintain an action for conversion one must have the right of possession at the date of conversion.

4.  *Certificate of Deposit—Subrogation.*   A surety company reimbursing the state for loss of funds deposited in a bank and which were represented by a certificate of deposit, is subrogated to the rights of the state and cannot be charged with a conversion of the certificate.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Mr. ALLEN C. PHELPS, for plaintiff in error.

Mr. THOMAS A. NIXON, for defendants in error.

Messrs. GILLETTE & CLARK, Mr. LEROY J. WILLIAMS, amici curiae.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was plaintiff below and had a verdict and judgment for $91 upon a claim of $2,500, and so brings error.

The action was upon a bond given by defendants to indemnify plaintiff against liability on a bond which it had given the state treasurer to secure a deposit of public money in the Kersey State Bank. The bank failed, the surety company paid its liability to the state, $2,514.58, represented by a certificate of deposit, and took an assignment thereof. It then brought this action on the indemnity bond.

The answer set up the assignment; the claim was made that the plaintiff was bound to account for the value of the certificate, and the court so instructed the jury. This was error.

The conditions of the bond in suit were, inter alia, that the defendants should "perform all the conditions of said bond [to the treasurer] * * * and * * * at all times indemnify and save the surety harmless from and against every claim, demand, liability * * * whatsoever and will place the surety in funds to meet the same before it shall be required to make payment."

Under this condition the defendants became liable to plaintiff for the $2,514.58 as soon as plaintiff became liable for it to the treasurer and again when plaintiff paid. The plaintiff when it paid the treasurer became subrogated to his rights under the certificate. The assignment of the certificate merely performed what the law would have implied. The rights of the defendants against the plaintiff were the same as plaintiff's against the treasurer, i. e., subrogation upon payment. *Fidelity & Deposit Co. v. Bassett,* 133 Wash. 77, 233 Pac. 325; *United States Fidelity & Guaranty Co. v. Bank of Hattiesburg,* 128 Miss. 605, 91 So. 344, 346.

In this court the defendants take the ground that the plaintiff's acts amounted to a conversion of the certificate and that, therefore, the plaintiff is liable to them for its value, by way of counterclaim. There are two answers to this proposition: (1) A plaintiff, to maintain an action for conversion, must have the right of possession at the date of the conversion, and the defendants never had such a right and could not have till they paid or tendered the amount due; and, (2) no conversion is shown; the plaintiff had a right to the possession of the certificate by virtue of subrogation, and has done nothing with it not sanctioned thereby.

The judgment is reversed with directions to enter judgment for plaintiff for the amount it paid the treasurer, with interest.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD concur.