[No. 20470.   Department One.   September 6, 1927.]

THE CITY OF CLE ELUM, *Respondent*, v. W. M. YEAMAN *et al., Appellants.*[1]

[1] INDEMNITY (9) — ADJUDICATION AGAINST INDEMNITEE — CONCLU-SIVENESS AGAINST INDEMNITOR. The defense of an action against a city for personal injuries was sufficiently tendered to the contractor who was liable over to the city so that he would be bound by the judgment, where copies of the summons and complaint were given him a few days after the suit was commenced, with demand to defend, he and his employees appeared at the trial as witnesses for the city, and he was given opportunity to present any defense.

[2] MUNICIPAL CORPORATIONS (446) — TORTS — LIABILITY OF PERSON CAUSING OBSTRUCTION IN STREET. Where injury results from a defect in a street created by the active negligence of a contractor, he and the city are not in *pari delicto* nor joint tort feasors; and the city, if liable through notice of the condition, may recover over from the contractor.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered July 12, 1926, upon findings in favor of the plaintiff, in an action to recover over the amount paid on a judgment for injuries resulting from a defective sidewalk, tried to the court. Affirmed.

*Short & Hovey* and *Spencer Short,* for appellants.

*Eugene E. Wager,* for respondent.

FRENCH, J.—The appellants were contractors engaged in the erection of a building in the city of Cle Elum during the year 1924. During the course of the erection of the building, a water pipe was carried from the lot line across the sidewalk, and one Dorothy Mitchell, while walking along the sidewalk, fell over this water pipe, was injured, brought suit against the

[1]Reported in 259 Pac. 35.

city, and recovery was had. The present action was begun by the city against the contractors to recover the amount of the judgment together with costs. From a judgment in favor of the city, this appeal is prosecuted.

Appellants urge two grounds for reversal of this action: first, that they were not tendered the defense of the original action brought by the Mitchells against the city of Cle Elum; and second, that the city and appellants were joint tort feasors and therefore there can be no recovery.

We think the testimony clearly shows that, when appellants first started to construct the building and prior to the time when they had obtained a permit from the city, the sidewalk was barricaded. This barricade was, by order of the city marshal, removed, and appellants were told not to barricade the sidewalk unless they secured permission from the proper city authorities. Application was then made by appellants and the building permit issued, one of the conditions of which was "that the contractor will be responsible for any-one being injured."

The pipe across the top of the sidewalk, and which caused the injury in question, was placed by the contractors for the use of the workmen in mixing concrete. It was there during working hours of the day only, being removed every night, and there is some question as to whether it was there at any other time than when actually needed for the purpose of mixing concrete. No barricade was placed around the sidewalk after the issuance of the building permit.

Dorothy Mitchell, walking along the sidewalk, caught her foot under the pipe, fell, and she and her husband sued the city for the injury. Copies of the complaint were immediately given to appellants and demand was made upon them that they defend the

action.  The United States Fidelity & Guaranty Company had evidently furnished appellants some sort of indemnity insurance, the exact nature of which does not appear from the record.  Some correspondence was had between the city attorney and the bonding company concerning the defense of this action.  The bonding company offered to employ attorneys for the defense of the action, and the city insisted that, if the bonding company took over the entire defense of the action, the city be indemnified against any loss.  The last letter of the bonding company was as follows:

"When we employ attorneys at our expense to defend the suit of Dorothy Mitchell et al., against the city of Cle Elum, we are going as far as we feel justified. . . .

"Any defense of this case by this company through its attorneys will be without prejudice to the rights and liabilities of this company—William Yeaman—or the city of Cle Elum, unless you are willing for us to defend the suit on that basis, we will retire from the case entirely."

Nothing further seems to have been done until the case came on for trial, at which time the appellant, his foreman, and certain of his employees attended the trial and testified in the case, the appellant himself testifying as follows:

"Q. What is the extent of your interest in this case?  A. I am subject to suit by the city of Cle Elum."

[1]  We think the defense of this action was sufficiently tendered to appellants.  The action was brought for $17,500. Copies of the summons and complaint were given to appellant a few days after the commencement of the suit.  The only response made to the tendered defense was an offer on the part of the bonding company to employ attorneys to represent the city.  The

appellant knew of the pendency of the action, the issues involved, and the time and place of trial. He and his employees participated as witnesses for the city, and had an opportunity to present to the jury any facts constituting a defense. He cannot now urge that the judgment rendered is not conclusive against him.

"The judgment offered in evidence, since the appellants were notified of the pendency of action in which it was obtained and were given an opportunity to defend that action, was conclusive of every fact necessary to be proven in order to entitle the plaintiff therein to recover; that is to say, it was conclusive evidence of the existence of the defect in the street, of the primary liability of the city for existence of such defect, of the fact that the plaintiff in that action was injured without fault on her part, and of the amount awarded her in the judgment." *Seattle v. Regan & Co.*, 52 Wash. 262, 100 Pac. 731, 132 Am. St. 963.

[2] The question of appellant and respondent being joint tort-feasors, under circumstances such as are revealed by the evidence in this case, is no longer an open question in this state.

"Where injury results from a defect in the street, created by the active negligence or wrongful act of a third person, such as making an excavation in the street, placing an unsafe trap-door, or leaving an open area-way in the sidewalk, undermining the street, or placing an unauthorized obstruction thereon, such third person is directly liable, as the creator of a nuisance, to the person injured, under the common law. 4 Dillon, Municipal Corporations (5th ed.), § 1725. The city is, of course, also liable, when chargeable with notice of the condition, and if recovery be had against the city it may recover over against the original wrong-doer, without any statute or charter provision so declaring, simply because, as between him and the city, his is the active negligence and primary liability. They are not in *pari delicto* nor joint tort feasors. *Spokane v. Crane Co.*, 98 Wash. 49, 167 Pac. 63; *Seattle v.*

*Puget Sound Imp. Co.,* 47 Wash. 22, 91 Pac. 255, 125 Am. St., 884, 12 L. R. A. (N. S.) 949." *Seattle v. Shorrock,* 100 Wash. 234, 170 Pac. 590.

Judgment affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.