[No. 22505. Department Two. July 17, 1930.]

ANNIE ABRAHAMSON, *Respondent*, v. L. H. BURNETT, *Appellant*.[1]

[1]Reported in 290 Pac. 228.

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.
*Nelson R. Anderson,* for respondent.

MAIN, J.—This action is based upon a written in-demnity contract. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that a recovery could be had. Judgment was entered in favor of the plaintiff for the sum of $1,901.43, from which the defendant appeals.

The facts are these: The Burnett Construction Company was a corporation engaged in the contract-ing business. It desired a credit at the Scandinavian American Bank at Seattle to the extent of $10,000, which the bank was unwilling to give without a guar-anty. April 21, 1916, Andrew Peterson, Sidney Bur-nett, Annie Abrahamson, J. M. Brewster and Harry Levin signed a writing, in which they requested the bank to give credit to the Burnett Construction Com-pany to the extent of $10,000, and the guarantors promised to pay the bank at any time whatever sum might be due from the Burnett Construction Company, not exceeding the amount of $10,000.

At the time this guaranty was signed, and as a part of the same transaction, L. H. Burnett, the appellant, signed a note in favor of Mrs. Abrahamson, one of the

guarantors, in the sum of $10,000. This note, on the back thereof, recited that it was given subject to an escrow agreement held by J. M. Brewster. The escrow agreement recited that, whereas Mrs. Abrahamson, Brewster and Levin had executed and delivered to the Scandinavian American Bank of Seattle, Washington, a certain instrument of guaranty wherein and whereby they guaranteed the account of the Burnett Construction Company to the extent of $10,000,

". . . and whereas the undersigned, although not joining in said instrument of guaranty, has agreed with the first named party (Mrs. Abrahamson) that he will, in the event of final loss thereunder, bear, together with Harry Levin, one-half of such loss."

This agreement was signed by the appellant.

March 25, 1918, the Burnett Construction Company executed and delivered to the bank its demand promissory note in the sum of $2,600, bearing interest at the rate of seven per cent per annum until paid. No part of this note was paid, except a small sum, and on or about March 1, 1921, an action was instituted by the bank against the Burnett Construction Company upon the note and against Peterson, Mrs. Abrahamson, Sidney Burnett, J. M. Brewster and his wife, and Harry Levin and his wife, upon which judgment was entered for the amount of the note, interest and costs, less a credit of $18.14. When that action was begun, Mrs. Abrahamson tendered the defense thereof to the appellant, but such defense was not accepted by him. Mrs. Abrahamson and Brewster employed counsel to defend the action at an expense of $250. Judgment was entered upon the note against the Burnett Construction Company and upon the guaranty against all the parties who had signed it. This judgment was paid by Mrs. Abrahamson, and thereafter she brought the present action for one-half of the amount so paid.

█ The appellant first contends that this action should fail, because he says that the minds of the parties never met; but with this contention we cannot agree. Mrs. Abrahamson would not sign the guaranty agreement unless the appellant indemnified her. The consideration for the indemnity agreement was the signing of the guaranty. It is apparent that Mrs. Abrahamson intended that, if she was held liable on the guaranty, the appellant would take care of her loss to the extent of one-half thereof. It is also apparent from the written indemnity that it was the intention of the appellant that, if Mrs. Abrahamson sustained loss by reason of the guaranty, he would take care of one-half of that loss. Much is said in the appellant's brief about the indemnity and the escrow agreements being doubtful or uncertain in their meaning, but we have had no such difficulty with them. While it is possible they could have been drawn in better form, the thought which the parties had in mind is reasonably certain and definite. The contention that the action should fail because there was no meeting of minds cannot be sustained.

█ The next question is whether Mrs. Abrahamson can recover on the indemnity contract against the appellant without first having sought reimbursement from her four co-guarantors. It must be remembered that this is an indemnity contract upon which recovery is being sought, and not a contract of surety or guaranty. It is an original undertaking on the part of the appellant to save harmless Mrs. Abrahamson to the extent of one-half of her final loss by reason of the guaranty contract. In 14 R. C. L., p. 44, it is said:

"Again, there is an obvious and important difference between a contract of guaranty or suretyship and a contract of indemnity. The former type of contract is a collateral undertaking and presupposes some contract or transaction to which it is collateral, while the latter is essentially an original contract."

The contract being one of indemnity, it was not necessary for Mrs. Abrahamson to seek recovery against her co-guarantors before she resorted to the liability of the appellant upon the indemnity contract. *United States Fidelity & Guaranty Co. v. Bank of Hattiesburg,* 128 Miss. 605, 91 South. 344; *City of Springfield v. Boyle,* 164 Mass. 591, 42 N. E. 333; *Handsaker v. Pedersen,* 71 Wash. 218, 128 Pac. 230; 31 Corpus Juris 444. The case of *Faires v. Cockerill,* 29 S. W. (Tex. Civ. App.) 669, cited by the appellant, does not hold to a contrary rule.

Much of the argument in the appellant's brief is based upon the assumption that this action is rested upon a surety contract, and, since we take the view that it was an indemnity contract, the argument and the authorities cited by appellant do not reach the question here for determination.

 It is next contended that the amount of the judgment is too great. As already indicated, the judgment entered in this case was for one-half of the judgment entered upon the guaranty, including interest and costs. The defense of that action having been tendered to the appellant and refused, he is now bound by the judgment. *National Surety Co. v. Fry Co.,* 86 Wash. 118, 149 Pac. 637; *Seattle v. Regan & Co.,* 52 Wash. 262, 100 Pac. 731, 132 Am. St. 963; *Cle Elum v. Yeaman,* 145 Wash. 157, 259 Pac. 35.

 In this case recovery was permitted for the $250 which was paid the attorney who represented Mrs. Abrahamson and Brewster in the action on the guaranty. The attorney's fee which Mrs. Abrahamson was required to pay in defending the action on the guaranty was a proper item to be charged to the appellant on the indemnity contract. 31 Corpus Juris 436; *Sheard v. United States Fidelity & Guaranty Co.,* 58 Wash. 29, 107 Pac. 1024, 109 Pac. 276. It is now said

that, since the attorney represented both Brewster and Mrs. Abrahamson, only one-half of that attorney fee should be charged to the appellant on the indemnity contract. So far as the record shows, this question does not seem to have been presented to the trial court, and had the matter been called to that court's attention, doubtless only one-half of the $250 would have been charged to the indemnitor, instead of the entire sum. The judgment should be modified by deducting therefrom the sum of $125, or one-half of the $250 item, but, under the circumstances of this case, we think that this should not carry costs to the appellant.

There is also some controversy over whether Mrs. Abrahamson paid the judgment. Upon this question the trial court found:

"That upon March 21, 1923, this plaintiff was compelled to pay the sum of Two Thousand Three Hundred Thirty-four and 18/100 Dollars ($2,334.18) on account of said judgment. That this plaintiff has demanded payment of the defendant of one-half thereof in accordance with the said escrow agreement, but the defendant has failed and refused to pay the same. That there is now due thereon from the defendant the said sum of $1,167.09, together with interest thereon at the rate of six per cent per annum from March 21, 1923, until paid, and the sum of $250.00 for expenses paid out as attorney's fees in said action by the bank."

The evidence, as we view it, sustains this finding.

The briefs in this case take a wider range than this opinion would appear to indicate, but we have here considered and decided all the questions which we deem material.

Subject to the modification above indicated, the judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.