[No. 6776.  Decided October 19, 1907.]

THE CITY OF SEATTLE, *Respondent*, v. GEORGE C. SAULEZ
et al., *Appellants*.[1]

INDEMNITY—JUDGMENT—CONCLUSIVENESS—NOTICE TO DEFEND.  A
judgment against a city for damages from the negligence of a con-
tractor, who had agreed to save the city harmless therefrom, is con-
clusive against the contractor where he had notice to defend, as to
the amount of damages, the existence of the defect, and want of
negligence on the part of plaintiff in the former case.

SAME—DEFENSES TO ACTION—BARRIERS REQUIRED BY CONTRACT—
WAIVER BY CITY INSPECTOR.  Where a contractor has agreed with a
city to erect barriers over street excavations and save the city harm-
less from accidents resulting therefrom, he cannot excuse the failure
to erect barriers by the fact that a city street inspector was present
and gave no directions as to the erection of barriers.

SAME — JUDGMENT — ADMISSIBILITY AS EVIDENCE — PERSONS NOT
NOTIFIED.  In an action by a city against an indemnity company to
recover over the amount paid on a judgment for personal injuries,
the judgment is admissible in evidence for the purpose of showing
that it had been recovered against the city for damages for failure
to keep the streets in repair, although the surety company was not
notified to appear and defend the action.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered November 30, 1906, upon find-
ings in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action upon a contractor's
bond.  Affirmed.

*Walter S. Fulton*, for appellant United States Fidelity
and Guaranty Company.

*G. T. Bogue* and *McBride, Stratton & Dalton*, for appel-
lants Saulez & Dooley.

*Scott Calhoun* and *Elmer E. Todd*, for respondent.

[1]Reported in 92 Pac. 140.

DUNBAR, J.—This is an action upon a contractor's bond. The contractors, Saulez and Dooley, on the 30th day of April, 1903, entered into a contract with the city of Seattle for the planking of Howell street and Eastlake avenue, agreeing, among other things, that they would erect and maintain good and sufficient guards, barricades, and signals at all unsafe places at or near where the work contemplated therein was to be done, and to indemnify and save harmless the city of Seattle from all suits or actions brought against the city for or on account of any injuries sustained by any one by reason of the failure of said contractors to erect or maintain such guards, barricades, or signals. Briefly, these barricades were not all erected, and one B. H. Peterson, while driving a team, was injured by reason of the defect in the streets, and obtained judgment against the city in the sum of $1,250. This judgment was afterwards on appeal sustained by this court, and the case is reported in *Peterson v. Seattle*, 40 Wash. 33, 82 Pac. 140. The contractors, Saulez and Dooley, were notified of the pendency of the action of Peterson against the city, but the appellant United States Fidelity and Guaranty Company received no notification of such suit. The city paid the judgment with some increased costs, and brought this action to recover from the contractors and their sureties the amount so paid. The case was tried before the Honorable R. B. Albertson, one of the judges of the superior court of King county, without a jury, and judgment was rendered against the contractors and their surety for the amount prayed for.

In the trial of this cause the judgment in the cause of *Peterson v. Seattle* was offered in testimony by the city, and received by the court over the objection of the appellants. So far as appellants Saulez and Dooley are concerned, it is unquestioned that the judgment in the case of *Peterson v. Seattle* is conclusive against them as to the amount of damages sustained by Peterson, the existence of a defect in the street, and that Peterson could not be charged with negli-

gence. But it is contended that the judgment roll in the *Peterson* case is not conclusive as to the question whether the negligence causing the injury to Peterson was the negligence of the city of Seattle or that of the contractors, it being contended that the city inspector was on the ground during the time the work was in progress and gave no directions as to the erection of any barricades or barriers, and seemed to be satisfied with the condition of the streets; and further, that the erection of barricades would have closed the street to traffic, and that it was really for the benefit of the city that the barricades were not erected. This contention we think cannot be sustained under the contract and the evidence in this case. The contractors having agreed with the city to erect and maintain good and sufficient barriers and save the city harmless, it was their plain duty to do so unless they were released by the city from that obligation, and no testimony tending to show a release by the city was offered. It was not incumbent upon the city to stand over the contractors and demand of them that each respective condition of the contract should be complied with, but it had a right to rely upon the contract and presume that its conditions would be fulfilled. The judgment against the appellant contractors is unquestionably correct.

The appellant the United States Fidelity and Guaranty Company urged that the court committed error in admitting in evidence against it the judgment roll in the case of *Peterson v. Seattle*, for the reason that it had no notice of the trial of that cause and was therefore not bound by the judgment. Even though the appellant's contention may be correct, that the judgment will not bind it so far as the merits of the case are concerned, it could properly be admitted for some purpose, under the rule announced by this court in the case of *Curtley v. Security Savings Society*, 46 Wash. 50, 89 Pac. 180. The judgment was competent to prove certain issues of the case, viz., that the judgment had been rendered against the city in an action for damages for failure to keep the streets in safe condition.

On the question of the liability of the guaranty company which had no notice of the suit against the city, the authorities are in sharp conflict, some courts holding that a judgment against the principal debtor cannot be admitted as evidence against the surety who has not been notified of the prior suit, while a good many, and perhaps a majority of the modern decisions, are to the effect that, when one is responsible by force of law or by contract for the faithful performance of the duty of another, a judgment against that other for failure in the performance of such duty is prima facie evidence in a suit against the party so responsible for that other. But whatever may be the weight of authority or of reason on this proposition, we are satisfied from an investigation of the record that the testimony in *this* case was sufficient to establish all the material allegations of the complaint under the rules of law announced by this court in *Peterson v. Seattle, supra.*

The judgment will therefore be affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, ROOT, MOUNT, and CROW, JJ., concur.