[No. 10953.   Department Two.   June 19, 1913.]

B. W. KIBLER *et al.*, *Respondents*, v. MARYLAND CASUALTY COMPANY, *Appellant*.[1]

INSURANCE — INDEMNITY INSURANCE—POLICY—LIABILITY — LOSSES COVERED. A policy of indemnity insurance indemnifying contractors on city sewers against loss from liability "imposed by law" upon the assured on account of bodily injuries accidentally suffered by any person while about the construction of the sewers, covers a loss suffered by the assured by reason of being liable over to the city for damages it was compelled to pay to a pedestrian who fell into the sewer because of its unguarded condition; since the liability of the city did not lessen the liability of the assured, who committed the original wrong; and it is immaterial that the assured was not a nominal party to the action against the city.

JUDGMENT—PERSONS CONCLUDED — INDEMNITY—SURETIES HAVING NOTICE. A judgment against a city for personal injuries sustained by one who fell into an unguarded sewer excavation, is admissible in evidence against the contractors to establish their negligence, and also against their insurer indemnifying them against loss, where the contractors' negligence was the issue in the suit against the city, and the contractors and their insurer had notice of the suit and employed counsel to defend it.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered September 5, 1912, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action upon an indemnity insurance policy. Affirmed.

[1]Reported in 132 Pac. 878.

*Hudson, Holt & Harmon,* for appellant.

*Hastings & Stedman* and *Fletcher & Evans,* for respondents.

MORRIS, J.—In July, 1910, appellant issued to respondents a policy of insurance, indemnifying them against loss for damages on account of injuries accidentally suffered by any person while about the construction of certain sewers at Grangeville, Idaho, for which respondents had obtained a contract from such city. In August a young lady named Vinnie Bourland fell into one of the sewer trenches, and received certain injuries for which she brought suit, joining the city and respondents as defendants. Respondents delivered the complaint served upon them to appellant, with a request that it appear and defend the action under the terms of its policy. Appellant acquiesced in this request, employed counsel, and took full charge of the case as against respondents. The complaint was twice amended, the second amended complaint alleging the same negligent act as the original in permitting the open trenches to remain without proper protection. This last complaint omitted respondents as defendants. Thereupon appellant wrote respondents the following letter:

"Feb. 24, 1911.
"Moore & Kibler,
   "Gentlemen: I have just received a telegram from our attorneys at Grangeville, Idaho, that the suit of Miss V. Bourland against the city of Grangeville and yourselves has been dismissed as against yourselves. I am instructing our attorney to continue in the case as a first rate counsel with the corporation counsel of the city of Grangeville, but in so doing we wish it to be understood that it is under a reservation of our right, as we are not responsible, under our policy, for any judgment which may be rendered against the city of Grangeville. I expect to leave for Grangeville tomorrow night, and will keep you posted as to how matters are going on at that place. Yours very truly,
                    "N. B. Colding,
                         "Northwest Claim Division."

Counsel employed by appellant and the city attorney of Grangeville jointly prepared and filed answer to this amended complaint, in which it was alleged, that the city let the contract for digging the sewer to respondents; that the trench in which Miss Bourland fell had been made by respondents in the construction under their contract, and that it was respondents' duty to properly protect the excavation so as to avoid injury to all persons, and that the city had no notice of the existence of the unguarded excavation. The cause was reached for trial in September, 1911, and at request of a representative of appellant, witnesses were procured by respondents to testify in behalf of the defense. None of these witnesses were used at the trial, which resulted in a verdict against the city for $5,000. Respondents then served upon appellant a notice to prosecute an appeal from the judgment, in response to which appellant replied, denying any liability under its policy. No appeal was taken, and subsequently the city paid the Bourland judgment. Respondents then commenced an action against the city to recover the balance due upon their contract, to which the city responded by paying to respondents the balance due, except $5,543.35, the amount of the Bourland judgment, and in answer pleaded as an offset its right to retain this sum, in that the negligence resulting in the Bourland judgment was the negligence of the respondents, and that respondents were liable to the city in the amount it had been compelled to pay in satisfaction of the judgment. Respondents requested appellant to defend against this claim of the city, to which appellant responded, denying any liability under its policy and refusing to participate in the action. The result of this action was favorable to the city, and it was permitted to retain the amount paid by it in satisfaction of the Bourland judgment. Respondents then commenced this action against appellant to recover the amount of the Bourland judgment, upon the theory that it was a liability imposed upon appel-

lant under its policy, and being successful below, appellant has brought the case here.

If we properly understand the point upon which appellant seeks to avoid this judgment, it is a contention that the policy contemplated indemnity against direct actions by injured persons against respondents, and that it was not intended to cover any loss that respondents might suffer by reason of being liable over to the city for any sum it was compelled to pay because of damages to injured persons in the negligent performance of the work. It also suggests an insufficiency of proof. The indemnifying clause in the policy is "against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, etc." What was the liability "imposed by law" upon respondents in the performance of their contract with the city?. So far as is here material, the law imposed upon respondents the duty of using a proper degree of care in the progress of their work, to avoid causing damage or injury to those making lawful use of the streets. It is. true that the city was also liable because of its duty to keep its streets in such a condition that pedestrians might walk upon them in safety. But this liability upon the part of the city in no wise lessened the liability imposed by law upon respondents to answer in damages to any persons injured because of their negligence in the construction of the sewers. So far as any injured person is concerned, he had, under such circumstances, a cause of action against either the city or the person doing the work, and this cause of action arises out of a liability imposed by law, and if the injured person seeks his remedy against the city in the first instance, then the city has its right of action against its contractor whose negligence caused the injury.

No authority is needed to substantiate this rule. The complaint upon which the judgment was obtained in Bourland against the city bases the right of action against the city on its negligence in keeping the trenches in its streets unguarded, and in failing to give warning of this unguarded

condition to passersby. The judgment in that action established that the injury was suffered because of negligence in failing to properly guard the open trenches; and inasmuch as the duty to properly guard the open trenches rested upon respondents, a judgment based upon the failure and neglect to do so established the negligence of respondents. The respondents were liable because they committed the original wrong which caused the injury. The city was liable because it failed to discharge its duty of keeping its streets in proper condition for public travel and preventing injury to others from the wrong of respondents. This brought the case within the terms of the indemnity policy, and the respondents, having paid the judgment establishing their liability, may recover under the terms of the policy from the appellant the amount of the judgment and costs. The principles and many authorities on which this rule rests may be found in *Commissioners of Lexington v. Aetna Indemnity Co.*, 155 N. C. 219, 71 S. E. 214.

It matters not that respondents were not mentioned as defendants in the second amended complaint upon which the Bourland judgment was based. The negligence which established that judgment was their act, and the issue was tendered by the pleadings. Respondents, although not parties to that action, were directly interested in the result of that litigation and actively defended that case. They were, in substance, parties to it and bound by it. *Douthitt v. MacCulsky*, 11 Wash. 601, 40 Pac. 186; *Shoemake v. Finlayson*, 22 Wash. 12, 60 Pac. 50; *Ramsey v. Wilson*, 52 Wash. 111, 100 Pac. 177. So with appellant: It had full knowledge of the pendency of that action, employed counsel to defend it, and it is likewise bound by the adjudication of respondents' negligence. *Spokane v. Costello*, 33 Wash. 98, 74 Pac. 58; *Seattle v. Saulez*, 47 Wash. 365, 92 Pac. 140. The judgment in that case was, therefore, properly admitted in order to establish negligence of the respondents and the consequent liability of appellant under its indemnifying bond.

In this case it appeared that the open and unguarded trench into which Miss Bourland had fallen and received her injury, and which was the cause of action pleaded by her against the city, was excavated by respondents, making them the responsible cause of the defect upon which the judgment was based. This was sufficient to establish the right of recovery against the respondents and the liability of appellant. *Seattle v. Regan & Co.*, 52 Wash. 262, 100 Pac. 731, 132 Am. St. 963.

We find no error in any of the rulings complained of, and the judgment is affirmed.

ELLIS, FULLERTON, and MAIN, JJ., concur.