[No. 25276. *En Banc.* March 12, 1935.]

JAMES O'TOOLE *et al., Respondents,* v. EMPIRE MOTORS, INC., *Defendant,* MERCER CASUALTY COMPANY, *Appellant.*[1]

[1]Reported in 42 P. (2d) 10.

*Shank, Belt & Rode,* for appellant.

*John J. Sullivan, Everett O. Butts,* and *W. T. Beeks,* for respondents.

HOLCOMB, J.—Appellant issued to the principal defendant, Empire Motors, Inc., an insurance policy which was in effect July, 1932. The parts of that policy material to this controversy read:

"The Mercer Casualty Company . . . hereby agrees:

"(1)   To pay all sums which the assured shall become legally liable to pay, for (a) damages on account of bodily injuries . . . suffered by any person or persons not employed by the assured, and (b) . . . damages . . . on account of damage to . . . property . . . resulting from an accident occurring while this policy is in force, by reason of the maintenance and operation of the public automobile garage, . . . including repair shop, . . .

"Subject to the following conditions:   . . .

"B.   This policy shall not cover the liability of the assured under any Workmen's Compensation Law nor under any agreement or contract, oral or written, unless extended to include such liability by endorsement signed by an executive officer of the company."

Respondents sued the principal defendant, stating as a basis of their cause of action as follows:

"That during the latter part of July, 1932, the plaintiffs purchased from the defendant a Plymouth sedan automobile. That shortly thereafter, on or about the first day of August, 1932, the steering system thereon became defective, in that the front wheels were out of alignment, and particularly the right front wheel. That plaintiffs returned the automobile to defendant and requested that the defective steering apparatus be repaired and adjusted, and that the front wheels be properly aligned, which the defendant then and there agreed to do for a consideration to be paid by the plaintiffs. That shortly thereafter defendant advised plaintiffs that said repairs had been made as requested, and that said front wheels were now in alignment.

"That within a few days thereof, on or about the eleventh day of August, 1932, and at a time when said automobile had been driven a total distance of approximately 700 miles, and without the plaintiffs having had any further trouble or accidents to said automobile, and particularly to the front portion thereof, or to the steering system thereof, or to the front wheels thereof, while plaintiffs were driving their automobile along the public highway near Lake Crescent, Washington, the right front tire on plaintiffs' automobile blew out, directly causing plaintiff's automobile to be thrown into the ditch along-side of the road, damaging the automobile and injuring the plaintiffs as more fully hereinafter set forth. That the right front wheel, despite defendants agreement so to do, had never been aligned, but was badly out of alignment, so that the right front tire, although practically new, was completely worn through the rubber and into the fabric, all of which caused the blowout and accident hereinbefore referred to."

In accordance with one of the terms of the policy, the principal defendant notified appellant of the pendency of the action, and tendered to it the defense. To that notice, appellant replied:

"There is no liability under the Mercer Casualty Company's policy to defend an action of this character

as the policy did not cover a situation such as is presented in the above entitled case.''

Thereupon, the insured employed other counsel to appear on its behalf.

While the case was pending, and before trial, respondents executed a release and satisfaction of judgment, which was delivered to their own attorneys, who thereupon wrote the following letter to the principal defendant:

"Empire Motor Company, and January 18, 1934.
Mr. Drayton Howe, Your Attorney,
Seattle, Washington.
"Gentlemen:
                    Re: O'TOOLE vs. EMPIRE MOTOR COMPANY
"Pursuant to our stipulation, this acknowledges the fact that we have from Mr. and Mrs. O'Toole, release and satisfaction of judgment. It is understood that we are to retain the same in our possession and that this letter does not in any wise constitute a delivery thereof to you, but merely evidences the fact that upon the completion of the proceedings we intend to take against the insurance company which you and I agree are responsible for this indebtedness under their contract with the Empire Motors Company, we will then satisfy the judgment.

"The release will be kept by Mr. Sullivan in the safe, together with a copy of this letter until the completion of the proceedings, and it is understood and agreed that until such time this letter is not to be used by you in any manner whatsoever.

"If the O'Tooles should change attorneys, we will deliver the satisfaction of judgment to you forthwith when we are informed of such change.

"Very truly yours,
                    John J. Sullivan and
                    Everett O. Butts.
"We have read the above letter and
agree to the terms thereof.
                    "James O'Toole
                    Mary Ann O'Toole"

Thereafter, the case was set for trial, and was heard before one of the judges of the court below. The introductory part of the findings made by the trial court recited:

"This matter came on duly and regularly for hearing before the above entitled court, the plaintiffs appearing in person and by their attorneys, John J. Sullivan and Everett O. Butts, the defendant appearing by its attorney, Drayton Howe; the court having fully considered the matter and being fully advised in the premises, now makes the following Findings of Fact."

It thus appears that respondents were personally present in court as well as by their attorneys, and that the principal defendant was represented by its attorney, and the matter was heard and determined by the trial court.

A finding was made to the effect that, as a result of the negligence of the defendant in failing to make the repairs agreed upon, the plaintiffs were damaged.

After considering the matter as recited in the introductory recital, among other things, the trial judge there found that both plaintiffs received certain personal injuries which were itemized, and certain damage to their automobile, all of which aggregated two thousand dollars. Judgment was entered for that amount, together with statutory costs, on January 30, 1934. The findings made at that time were approved over the signatures of Poe, Falknor, Falknor & Emory and Drayton Howe, attorneys for defendants.

The judgment not having been paid or satisfied by the judgment debtor, on February 7, 1934, respondents filed an affidavit for a writ of garnishment, stating that they had judgment as aforesaid for $2,023.20, with interest at six per cent per annum from January 30, 1934, which had not been satisfied, and was justly

owing and unpaid, and that affiant had reason to believe that appellant was indebted to the judgment debtor, etc. A writ of garnishment was thereupon issued, directed to appellant, which it answered in due time and alleged that, at the time of the issuance of the writ, it had not, nor at the time of answering, in its possession or control, any effects of the judgment debtor, and was not indebted to the judgment debtor in any sum whatever. The allegations of the answer to the garnishment were denied by a controverting reply, alleging that there was an insurance policy issued by appellant to the judgment debtor, the exact terms of which were not known to affiant, but which was alleged to cover such liability.

After a trial upon the garnishment proceeding, the trial judge, among other things, made the following findings of fact: That, after due and regular hearing upon issues joined in the action of O'Toole v. Empire Motors, Inc., in the superior court for King county, the court made findings which were recited in the findings made at this trial and entered judgment against the defendant Empire Motors, Inc., adjudging it liable for negligence and allowing judgment in favor of plaintiffs in the sum of two thousand dollars, together with costs, interest, etc.; that, at the time of the commencement of the aforementioned action, the garnishee defendant herein, appellant, had appeared by its attorney Leo J. Brand, and thereafter, refusing to recognize its liability under its policy of insurance hereinbefore referred to, declined to further proceed in the action, and the firm of Poe, Falknor, Falknor & Emory and Drayton Howe were retained to and did represent the defendant in such action, judgment being entered as a result of the issues joined therein; that the findings of fact, conclusions of law and judgment in that cause were in all respects duly and regularly

rendered; that, in open court in this hearing, the issues of the policy and its contents were duly and regularly admitted by appellant; that the action complained of was due to the negligence of the Empire Motors, Inc., and within the terms and coverage of the policy mentioned. A conclusion of law and judgment were thereupon entered against appellant for the sum of $2,065.70 and costs.

On appeal, appellant groups its four errors under two points: 1, that the policy in question did not cover the liability which was the foundation of this action; and 2, that the judgment entered in the main action by consent of the parties was collusive and a sham, and was not binding upon this appellant.

██ ██ Appellant first contends that, although it agreed to pay all sums which the insured might be required to pay by reason of any damages to person or property resulting from an accident by reason of the maintenance and operation of its repair shop, it expressly excluded the liability of the assured "under any agreement or contract, oral or written." It is asserted that the complaint which forms the foundation of this action stated a cause of action purely in contract.

We cannot agree with that assertion. The agreement to repair the car alleged was a mere matter of inducement leading up to the subsequent cause of the action. The complaint alleged negligence, either in repairing the car as agreed between the parties, or in failing to repair entirely. That was negligence in itself, and the cause of the damage.

Appellant likens this case to that of *Hanson v. Blackwell Motor Company*, 143 Wash. 547, 255 Pac. 939, 52 A. L. R. 851. However, appellant candidly confesses that there is a difference between the two cases, in that, in the *Hanson* case, the plaintiffs were not

parties with whom the defendant had agreed to repair the automobile. That is a vital difference. This case was between the direct, contracting parties.

In that case, we quoted approvingly from 1 Shearman & Redfield, Law of Negligence (6th ed.), § 116, as follows:

"Negligence which consists merely in the breach of a contract will not afford ground for an action by any one, except a party to the contract, or a person for whose benefit the contract was avowedly made. . . . But where, in omitting to perform a contract, in whole or in part, one also omits to use ordinary care to avoid injury to third persons, who, as he could with a slight degree of care foresee, would be exposed to risk by his negligence, he should be held liable to such persons for injuries which are the proximate result of such omission."

We also there said:

"Had the respondent undertaken to repair the steering gear and had negligently done the work, a different question would be presented upon which we here express no opinion."

The *Hanson* case is, in fact, an authority supporting recovery by respondent here.

This case is based upon tort and not upon contract.

The insurance contract, made by a compensated insurer (*Stusser v. Mutual Union Insurance Co.*, 127 Wash. 449, 221 Pac. 331), obligates the insurer

"(1) To pay all sums which the assured shall become legally liable to pay, for (a) damages on account of bodily injuries, . . . suffered by any person or persons not employed by the assured, and (b) . . . damages . . . on account of damage to . . . property . . . resulting from an accident occurring while this policy is in force, by reason of the maintenance and operation of the public automobile garage, . . . including repair shop, . . ."

138

That contract clearly and unambiguously insures such damages as resulted from negligence as was found by the trial court in the principal action and by the trial court in this action, did result from the negligence of the principal defendant.

■ Although we see none, if there were an ambiguity, it must be resolved in favor of the insured and against the insurer. *Stusser v. Mutual Union Insurance Co., supra; Guaranty Trust Co. v. Continental Life Insurance Co.,* 159 Wash. 683, 294 Pac. 585.

Furthermore, appellant is bound by the judgment in the original action establishing negligence and liability unless the judgment was procured by collusion or fraud.

■ As to the second point urged by appellant, there is nothing but innuendo that the original judgment was obtained by fraud or collusion.

Appellant was given notice of the pendency of the action by the insured, and for a time represented the principal defendant under one of the terms of the contract. The principal defendant was thereafter represented by extremely capable and reputable counsel in King county, which is true also of counsel for respondent. It is not to be considered that they would unethically resort to collusion and agree to a collusive judgment. It is more than likely that they honestly believed that the principal defendant could not escape being found liable by a court and jury, and since the suit alleged damages in the total sum of $9,950 and other costs, that it was the part of wisdom to settle the matter for as little as possible.

Appellant had the opportunity of remaining in the defense of the principal action and preventing any collusion if such were possible, which it failed to do. That being true, it cannot be heard later to question that judgment. *Seattle v. Saulez,* 47 Wash. 365,

92 Pac. 140; *Kibler v. Maryland Casualty Co.,* 74 Wash. 159, 132 Pac. 878; *National Surety Co. v. Fry Co.,* 86 Wash. 118, 149 Pac. 637; *Abrahamson v. Burnett,* 157 Wash. 668, 290 Pac. 228; *Johnson v. McGilchrist,* 174 Wash. 178, 24 P. (2d) 607; *Washington Gaslight Co. v. District of Columbia,* 161 U. S. 316, 16 S. Ct. 564.

There is no such palpable and positive collusion between the parties as was the case in *Koontz v. General Casualty Co.,* 162 Wash. 77, 297 Pac. 1081, cited by appellant, where the party allegedly causing the damage confessed judgment for $175 when the total damages caused by the collision amounted to only $60.57.

█ Nor does the conditional release, which was only a conditional release on its face, and satisfaction of the judgment, given by counsel for respondent and produced under subpœna *duces tecum* by one of them, alter the case. On its face, it was not to constitute a delivery to the attorneys for the principal defendant until the completion of the proceedings intended to be taken against the insurance company, which has not yet occurred. There having been no delivery, there was no release. *Brunn v. Schnett,* 59 Wis. 260, 18 N. W. 260, 48 Am. St. 499; *Wolcott v. Coleman,* 1 Conn. 375.

Upon the record before us and the law applicable, we are compelled to conclude that the judgment was right, and it is affirmed.

ALL CONCUR.