STANDARD ACCIDENT INSURANCE COMPANY *v.*
THEO MONEY CHEVROLET COMPANY.

4-9273                              233 S. W. 2d 553

Opinion delivered November 6, 1950.

*Moore, Burrow, Chowning & Mitchell,* for appellant.
*Bates, Poe & Bates,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellee corporation, which was later succeeded by the appellee partnership, to recover $301.32 under what is captioned an "Automobile Garage Liability Policy," issued by the appellant. In 1947 the insured was engaged in the garage business in the city of Waldron. A customer, Virgil Nichols, left a truck at the shop for repairs to the differential. One of the company's mechanics, Bert Hawkins, worked on the vehicle and then took it out for a test drive. In the course of this test the rear axle assembly broke down, either because defective parts had been installed or because Hawkins had done his work improperly. The work had to be done over again, and the company filed a claim with the insurer upon the theory that an accident within the coverage of the policy had occurred. This suit was brought after the insurer denied liability. At the conclusion of the plaintiff's testimony both sides requested an instructed verdict, and the court entered judgment for the plaintiff.

The insuring clause of the policy provides that the insurer will pay all sums which the insured shall become obligated to pay "by reason of the liability imposed upon him by law for damages because of injury to or destruction of property . . . caused by accident" and arising out of the insured's garage business.

Even when construed most strongly against the insurer this language is not broad enough to cover the present claim. To establish a cause of action the insured must prove that it is liable for damages caused by an accident arising from the operation of its garage. If we assume that an accident has been shown, which we do not determine, it still cannot be said that as a result the insured became liable to Nichols for any damages. On the contrary, all that happened was that the insured had to do its work a second time to be in a position to make a charge for its services.

The appellee relies mainly upon the decision in *O'Toole* v. *Empire Motors, Inc.*, 181 Wash. 130, 42 P. 2d 10, where a similar policy was involved. But that case

involved the vital element of liability on the part of the garage owner to his customer. A car had been defectively repaired, and as a result it turned over and caused injury to the customer and his wife. They recovered judgments in tort against the garage owner, and the insurer was required to pay the amount of the judgments. In the case at bar the essential factor of the insured's liability to Nichols is lacking. Immediately after the asserted accident Nichols could not have maintained a suit against the insured merely because the truck had not yet been repaired. The most that can be said is that the insured had to do its work twice before Nichols could be expected to pay the bill, but even then the liability was on the part of Nichols to the insured and not the other way around.

Reversed and dismissed.