YARRUT, Judge.
This is a direct action solely against the insurer of a service station operator, for damage to Plaintiff’s automobile, alleged to have been caused by the service station operator’s negligent repair of the brakes on Plaintiff’s automobile. Defendant first denied coverage under the policy and, in the alternative, charged Plaintiff with contributory negligence. The District Court gave judgment for Plaintiff for $405.95, interest and costs, from which Defendant appeals suspensively.
A motion to dismiss the appeal was renewed in argument, based on Appellant’s failure to lodge the record here on or before the extended return day. Appellee’s original motion was denied. See Portier v. Marquette Casualty Co., La.App., 146 So.2d 48. We find no reason to reverse that ruling.
On the merits, we find the following undisputed evidence: On April 21, 1960, Plaintiff’s wife, with three friends, drove the family automobile, a 1957-Chrysler Sedan, from Norco, La., to New Orleans. En route the wife drove the car into the service station of Defendant’s insured (Romeo Du-fresne, Jr.) in Norco, where she requested that Dufresne adjust the brakes while they waited, complaining she had to push the brake pedal almost to the floor to get any braking action. Dufresne hoisted the car on the rack and adjusted the brakes on each wheel according to standard procedure, as testified by the experts. Dufresne backed the car off the rack and drove it to the fuel pump. He applied the brakes two or three times and found the brake pedal acted properly and responded normally to foot application. The wife then tested the brakes, approved the job, and left the service station with her automobile bound for New Orleans.
The wife testified that, before leaving Norco, she felt the automobile “dragging” and “acting funny,” but continued her drive to New Orleans, some 20 miles distant, with the car “dragging” all the way, yet did not stop at any service station en route for relief. Upon arrival in New Orleans she parked the car and went shopping. It is significant that she parked her car a short distance from O. E. Haring (automobile dealer), where she normally had the car checked for repair.
Two hours later, she and her friends left New Orleans on their return trip to Norco, stopping at Schwegmann Bros. Supermarket at the junction on Airline Highway and Labarre Road in Jefferson Parish. There she noticed her brake lights were on and would not go off. She requested a casual colored man to check the brakes. In her words, he “fooled” with her brake pedal, yet the lights remained on. After shopping at the Supermarket she again resumed her trip for Norco. The brake lights were then off.
On the way to Norco she noticed the car “pulling” and a strange odor emitting from the car. She continued on to Norco just “trying to make it home,” with no apparent reason for her hurry.
When she reached Norco the automobile broke down, all four wheels locked and dense smoke emitted from beneath the car, and the rear tires blew out. The foreman at a nearby service station rushed out with a fire extinguisher, found the car billowing with smoke, the heat from the engine so intense that he could not get near the car, and the water in the radiator boiling over, resulting in the damage claimed herein.
With regard to_ Defendant’s liability as insurer, it had issued a 1-year “accident” garage liability policy, with a “collision or upset” garage keeper’s liability endorse *884 ment. Section (f) of the exclusion provisions specifically excludes this type of coverage under this policy, viz.:
“(f) under coverage B, to injury or to destruction of * * * (3) any goods or products manufactured, sold, handled, or distributed or premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises;”
which has been held not to cover an accident which happened away from and unconnected with the premises described, even though caused by defective parts furnished for, or inefficient workmanship on, an automobile. Workman v. Republic Mutual Ins. Co., 144 Ohio St. 37, 56 N.E.2d 190; Womack v. Employers Mutual Liability Ins. Co. of Wis., La.App., 101 So.2d 107; Standard Acc. Ins. Co. v. Theo Money Chevrolet Co., 217 Ark. 869, 233 S.W.2d 553.
The issue is res nova in our jurisprudence; hence we adopt the interpretation of this exclusion as made in the cases cited supra.
Assuming, arguendo, that Defendant has liability under the terms of the policy, we now advert to the question of the primary negligence, vel non, of the insured station operator, and the alternative plea of contributory negligence and assumption of risk of Plaintiff’s wife in continuing to operate the automobile after repeated knowledge of its defective condition, notwithstanding ample opportunity to discontinue her travel and have the necessary repairs made.
Primarily, the rule of res ipsa lo-quitur, invoked by Plaintiff, has no application here, since the automobile was in possession of Plaintiff’s wife while on a community mission, and she employed á casual colored man to adjust the brakes, whose intervening negligence may have caused the ultimate collapse. With repeated warning after she first left Norco on her trip to New Orleans, and return to Norco, that the brakes did not work and caused the car to labor arid drag, and since no emergency required that she continue to drive the car, she assumed the risk in so doing, and Plaintiff must be charged with the possible intervening and her own contributory negligence which superseded the primary negligence, if any, of the service station operator, Dufresne. Shields v. United Gas Pipe Line Co., La.App., 110 So.2d 881; Myers v. American Chain & Cable Co., La.App., 109 So.2d 270; Dupuy v. Graeme Spring & Brake Service, La.App., 19 So.2d 657; Fireman’s Fund Indemnity Company v. Sigard, La.App., 129 So.2d 258; Pearl Assurance Co. v. Reily, La.App., 127 So.2d 266; and Odum v. Newstadt’s Shoe Stores, La.App., 194 So. 81.
For the above and foregoing reasons, the judgment of the lower court is reversed, and there is now judgment in favor of Defendant, dismissing Plaintiff’s suit; Plaintiff to pay costs in both Courts.
Judgment reversed.