SUWYN v. AUTO-OWNERS INSURANCE COMPANY

1. INSURANCE — PROVISIONS IN POLICY — GARAGE — LIABILITY FOR
FAULTY WORK.

Liability insurance policy held by garage owner which excludes
protection from liability assumed by the insured under a
contract does not exclude from coverage liability imposed on
the insured for negligence in making repairs to a truck, even
though the owner of the truck could also have recovered in
an action for breach of contract.

2. SAME—EXTENT OF COVERAGE—TERMS OF POLICY—GARAGE OWNER.

Liability of garage owner for damages resulting from the de-
struction of a truck engine which threw a rod as a result of
negligent repairs by the garage owner is not covered by the
garage owner's insurance policy which contains a clause ex-
cluding coverage of goods or products sold or worked on by
him.

Appeal from Kent, Hoffius (Stuart), J. Sub-
mitted Division 3 October 9, 1968, at Grand Rapids.
(Docket No. 4,828.) Decided December 24, 1968.

Complaint by Dick Suwyn against Auto-Owners
Insurance Company, a Michigan corporation, to re-
cover for damages resulting from negligent repairs
on a truck engine by a person insured by defendant.
Judgment for defendant. Plaintiff appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 96, 97.
[2] 7 Am Jur 2d, Automobile Insurance §§ 96, 97.
 Liability insurance of garages, motor vehicle repair shops and
 sales agencies, and the like,  93 ALR2d 1047,

*Dutchess, Mika, Miles, Meyers & Beckett (John C. Jones,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

LESINSKI, C. J. This is an appeal of the circuit court of Kent county decision granting judgment of no cause of action to defendant pursuant to stipulated facts.

Plaintiff's complaint alleged that defendant insurance company issued a garage liability policy to David W. Olthouse, who operated an automobile servicing and repair facility, and that while such policy was in effect, the plaintiff delivered his tractor to Olthouse for repair. Plaintiff's complaint further stated that Olthouse, the insured, failed to replace two cotter pins in the engine, causing a piston rod to break loose and ruin the engine.

A negligence action had originally been brought by plaintiff against Olthouse, plaintiff obtaining a default judgment. When neither Olthouse nor defendant insurer paid the judgment, plaintiff brought the present action against defendant insurer to obtain payment under Olthouse's garage liability policy. Defendant agreed under the policy:

"To pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property including loss of use thereof caused by accident and arising out of the operations of the assured as described in this policy."

The policy also contained an exclusion clause labeled section VIII which in its pertinent part states:

"This policy does not apply:   *   *   *

"(b) to liability assumed by the assured under any contract or agreement except a warranty of goods or products, but this policy does not apply to injury or to destruction of such goods or products."

The sole stipulated issue on appeal is whether the trial court erred in determining the insurance to be inapplicable under the alleged facts due to the policy exclusion.

Defendant insurer asserts that because the insured *agreed* to repair plaintiff's vehicle, plaintiff's cause of action arose under a contract or agreement, and, as such, the insurer is specifically excluded from liability under the policy.  However, this contention is without merit because although a contract clearly existed, the original complaint alleged and recovery was based solely on negligence.  The mere fact that an action could have been brought on contractual grounds does not prevent liability under a policy excluding contractual liability where, as here, the recovery was based on a negligence action.  Adequate authority supports this interpretation.  In *O'Toole* v. *Empire Motors Inc.* (1935), 181 Wash 130 (42 P2d 10), the garage liability policy expressly excluded contractual liability.  Nevertheless, the court granted recovery under the policy where the insured negligently performed a contract to repair. The court's rationale was that recovery was based upon tort, not contract, and therefore the policy exclusion as to contractual liability was inapplicable.[1]

Similarly, in *Keating* v. *Universal Underwriters Insurance Co.* (1958), 133 Mont 89 (320 P2d 351),

---

[1] *Cf. Smith Motors, Inc.* v. *New Amsterdam Casualty Co.* (1943), 143 Neb 815 (11 NW2d 73); Annotation, Automobile liability insurance of garages, repair shops, sales agencies and the like, 165 ALR 1471, 1486; Annotation, Liability insurance of garages, motor vehicle repair shops and sales agencies and the like, 93 ALR2d 1047, 1084.

under a clause excluding contractual liability, the court granted recovery where both contractual and tort relations existed, stating (p 98):

"It does not necessarily follow that because of the written obligation on the part of the insured, the exclusion clause of the policy will govern instead of the insuring agreement. * * * As stated in respondent's brief, 'Would it not be a strained construction of the policy to say that although the insured has a liability arising from the law, which the policy specifically covers in the insuring clause, the insurer is, nevertheless released from that liability because the insured has by contract acknowledged the same obligation at law? Obviously, such a construction of the policy would violate all the rules of construction laid down by this court.'"

The fact that the cause of action in the instant case *could* have been brought upon contractual grounds did not exclude applicability of the policy since the original recovery was in fact obtained through a negligence action.

While we disagree with defendant insurer's contention discussed above, we must agree with defendant's claim that the exclusion found in the last phrase of section VIII (b) denies the insured coverage for the claim presented.

The essence of this action is an attempt to recover under the policy for an engine ostensibly repaired by the insured but destroyed as a result of the insured's negligent repair. The exclusionary phrase of the policy reads as follows: "but this policy does not apply to injury or to destruction of such goods or products." We find the language of this portion of the policy unambiguous. Clearly the insured cannot recover under the policy for destruction or injury to property he is working on, or has worked

upon, if the damage is occasioned by the insured's own defective work on such property.

In *Vobill Homes, Inc.* v. *Hartford Accident and Indemnity Co.* (La App, 1965), 179 So 2d 496, Judge Albert Tate, Jr., in a well-reasoned opinion, analyzed a policy containing a very similar exclusion. Judge Tate, in speaking for the court, stated:

"It has uniformly been held that a liability policy with an exclusion clause such as the present does not insure any obligation of the policyholder to repair or replace his own defective work or defective product. * * *

"The interpretation to this effect of the exclusion clause has also consistently been recognized by other decisions which did allow coverage for damages to *other* property or for other accidental loss resulting from the defective condition of the work-product (even though recovery for the injury to the work-product itself was excluded by the clause in question)."[2]

We agree with Judge Tate's reasoning, which is supported by much good authority, that a policy containing exclusionary language such as we are asked to interpret here, while it may cover damages to *other* property, does not cover the work product of the insured.

We hold that the language of the exclusion clause in the instant policy denies the insured coverage against injury to or destruction of goods or products repaired by the insured, such as the engine in the instant case.

The judgment of no cause of action is affirmed. Costs to appellee.

Fitzgerald and Templin, JJ., concurred.

---

[2] Accord, *Liberty Building Co.* v. *Royal Indemnity Co.* (1960), 177 Cal App 2d 583 (2 Cal Rptr 329) ; *Standard Accident Insurance Co.* v. *Theo Money Chevrolet Co.* (1950), 217 Ark 869 (233 SW2d 553).