274 So.2d 811 (1973)
David BLOCK and Linda Sue Block, Plaintiffs-Appellants,
v.
Mildred FITTS and J. T. Fitts et al., Defendants-Appellees.
No. 4080.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Rehearing Denied April 2, 1973.
*812 Long, Hughes, Ryland & Peters, by Jimmie C. Peters, Jena, for plaintiffs-appellant.
Stafford, Pitts & Stafford, by Grove Stafford, Jr., Alexandria, Brittain & Carver, by Jack O. Brittain, Natchitoches, James H. Williams, Colfax, Gist, Methvin & Trimble, by H. B. Gist, Jr., Alexandria, for defendants-appellees.
Before FRUGE, HOOD and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Mr. and Mrs. David Block instituted this suit for damages allegedly sustained by them as the result of an automobile-motorcycle collision. The defendants are Mr. and Mrs. J. T. Fitts, Futrell Chevrolet, Inc., General Motors Corporation, and the insurers of some of those defendants. The trial court rendered judgment sustaining an exception of no cause and no right of action filed by Futrell Chevrolet, and its insurer, Hartford Accident & Indemnity Company, and dismissing the suit as to those defendants. Plaintiffs have appealed from that judgment.
The sole issue presented is whether plaintiffs have alleged a cause of action against defendant Futrell.
In determining the issues raised by an exception of no cause of action, all well pleaded facts in the petition must be accepted as being true. Verret v. Travelers Insurance Company, 216 So.2d 379 (La. App. 3 Cir. 1968).
The facts, as set out in the petition, are that a collision occurred at an intersection in Grant Parish on April 29, 1969, between a Chevrolet automobile owned and being driven by defendant, Mrs. Fitts, and a motorcycle being operated by one of the *813 plaintiffs, David Block. The other plaintiff, Mrs. Block, was riding as a passenger on the motorcycle, and both of the plaintiffs sustained personal injuries as a result of the accident.
Plaintiffs allege that the automobile owned and operated by Mrs. Fitts "was defective in manufacture, design and maintenance, in that the carburetor and ignition system would stick or otherwise malfunction in normal operations," and that as a result of that defect "the vehicle engine would continue to operate at approximately ¼ open throttle setting even after the accelerator had been released, and even with the ignition key in the `off' position, and that the force of the engine would oppose the braking mechanism and overcome the effort of the brakes even at slow speeds."
Although plaintiffs do not specifically allege that the defect in the carburetor and accelerator linkage caused the collision, they argue that that was the cause of it, and we think the allegations are broad enough to permit the introduction of evidence tending to prove that fact. For the purpose of this exception, therefore, we assume that the accident was caused by the above mentioned defect in the car.
Plaintiffs allege that Futrell sold the automobile originally to Mr. and Mrs. Fitts, that Futrell was later informed by General Motors and by the purchasers that the vehicle was defective, and that Futrell attempted to repair that defective condition. They allege that Futrell was negligent in several particulars, including its failure "to adequately inspect or test the vehicle after attempting to repair known defects in the carburetor and accelerator mechanisms and ignition system," and "in advising Mr. and Mrs. Fitts that their vehicle was safe to use when, in truth and in fact, defects which had been repeatedly pointed out to the defendant had not been corrected."
Plaintiffs contend that they are entitled to recover damages from Futrell because of the latter's negligence in failing to properly repair the Fitts automobile. Futrell contends that it is not liable to plaintiffs, primarily because no "privity of contract" existed between them, and because Futrell owed no duty to plaintiffs to properly repair the Fitts automobile. The trial judge sustained the exception without assigning reasons for that judgment.
The general rule is that after an automobile repairman has made repairs to a motor vehicle, and has represented to the owner that the defect has been corrected, and that the car is safe to drive, he may be held liable for personal injuries sustained as the result of a subsequent accident involving that automobile, if the evidence establishes that the repairman was negligent in making the repairs, that there was a causal relationship between the negligent repair work and the subsequent accident, and that the negligence of the repairman was a proximate cause of the accident. Foy v. Ed Taussig, Inc., 220 So.2d 229 (La.App. 3 Cir. 1969); Lewis v. Travelers Insurance Company, 247 So.2d 635 (La. App. 3 Cir. 1971); Miller v. Margot, 42 So. 2d 916 (La.App. 1 Cir. 1949); Frey v. Reed Gas, Inc., 231 So.2d 718 (La.App. 3 Cir. 1970).
A claim for damages asserted by the owner of a vehicle against the repairman ordinarily is based on breach of contract, since a "privity of contract" exists between those parties. No privity of contract exists between a third person and the repairman, however, so a suit for damages instituted by the third person against the repairman must be regarded as an action in tort. In this case no privity of contract existed between plaintiffs and Futrell, so a legal question is presented as to whether plaintiffs, as third persons, may recover in tort from the repairman.
We feel that the rationale as set out by our Supreme Court in Marine Insurance Company v. Strecker, 234 La. 522, 100 So. *814 2d 493, is applicable to this case. Therein it was said:
Finally, as we view the matter, there exists no valid reason for excusing a contractor from liability in a tort action on the privity of contract doctrine or because of want of contractual relations between the contractor and the injured party. If the act of the contractor causes damage and he is at fault, he is under an obligation to the injured party to repair the damage under Article 2315 of our Civil Code, and the injured party has a right of action to enforce the obligation imposed by this article.
We therefore conclude that a third person may recover in tort from the repairman if the conditions stated in the above mentioned general rule exists, and if the accident which occurred is the type accident which the repairman reasonably should have anticipated might result from his negligence. Our reasoning is that a repairman who undertakes to repair a dangerous defect in an automobile, but who fails to do so, owes a duty to third persons, as well as to the owner, to advise the latter in some manner that the defect has not been repaired. If he represents to the owner that he has repaired the defect and that the car is safe to drive, and he allows the owner to take and operate the car under that erroneous impression, then we think the repairman's negligence in failing to properly repair the car, coupled with his failure to warn the owner, may be a proximate cause of an accident attributable to that defect.
Accordingly the judgment of the trial court sustaining the exception of no cause and no right of action filed by defendants, Futrell Chevrolet, Inc. and Hartford Accident and Indemnity Company, and dismissing plaintiffs' suit as to them is reversed, and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Futrell and Hartford; all other costs are to await the final determination of the matter.
Reversed and remanded.
HOOD, J., dissents and assigns written reasons.
HOOD, Judge (dissenting).
In my opinion the judgment appealed from is correct and should be affirmed.
I agree with the general statements of law which are contained in the majority opinion. I believe, however, that my colleagues have overlooked another important applicable rule of law, and some allegations of fact contained in plaintiffs' petition, which have the effect of completely relieving Futrell Chevrolet, Inc., and its insurer, from liability to plaintiffs.
The established jurisprudence is to the effect that if the owner of the automobile learns prior to the accident that the defect in his car has not been properly repaired, and he nevertheless continues to operate it despite his knowledge of the dangerous defect, then the negligence of the owner in continuing to operate the car in that condition supersedes the primary negligence of the repairman, and the negligence of the repairman ceases to be a proximate cause of the accident. Portier v. Marquette Casualty Company, 150 So.2d 882 (La.App. 4 Cir. 1963); Fulco v. Lumbermen's Mutual Casualty Company, 110 So.2d 871 (La.App. 2 Cir. 1959).
The case of Portier v. Marquette Casualty Company, supra, involved the claim of the owner against the repairman's insurer for the negligent repair of the brakes of the car. Plaintiff's demands were rejected because his wife became aware of the fact that the brakes had not been properly repaired before the accident occurred, and she continued to operate the car under those conditions. The court held that her negligence thus "superseded the primary negligence" of the repairman.
In Fulco v. Lumbermen's Mutual Casualty Company, supra, a guest passenger sued the owner and the repairman of the automobile, among others, for injuries which she suffered in an accident caused by defective *815 brakes. The evidence showed that although the repairman had repaired the brakes eight days before the accident occurred, the owner of the car became aware of the fact that the brakes were still defective before the collision. The court held that under those circumstances the repairman was not liable, and that the negligence of the owner-driver was the sole and proximate cause of the accident.
The reasoning behind this rule obviously is that the duty which the repairman owes to a third person is not so much to repair the owner's car properly, but it is to inform the owner of the dangerous defect, if he has failed to repair it, and to warn him of the fact that the car is not safe to drive. If the repairman gives that information or warning to the owner prior to the accident, or if the owner learns before the accident occurs that the defect has not been repaired, then the negligence of the repairman in failing to repair or in failing to warn of the defect and danger ceases to be a proximate cause of the accident.
In the instant suit plaintiffs have alleged that defendants, Mr. and Mrs. Fitts, knew that their automobile was not operating properly and that the accelerator and/or carburetor would stick. They allege that Mrs. Fitts was negligent in operating her car "knowing that her vehicle was defective," and in driving it at an excessive rate of speed "considering a known mechanical defective condition." They allege that Mr. Fitts was negligent in permitting his wife to drive a car which "he knew or should have known was defective."
Plaintiffs thus have judicially asserted that at the time the accident occurred the owner and driver of the automobile involved in the accident knew that the defective condition of the car had not been repaired by Futrell, that the defects still existed, and that they nevertheless continued to operate the vehicle with those known defects. Under the facts, as alleged in plaintiffs' petition, I believe that the negligence of Mr. and Mrs. Fitts in operating the car with known dangerous defects superseded the earlier negligence of Futrell in failing to properly repair the car, and that the negligence of Futrell thus ceased to be and was not a proximate cause of the accident.
Plaintiffs are bound by their pleadings. Also, in considering an exception of no cause of action we must accept all well pleaded facts in the petition as being true. In this case we must accept as true the allegations that Mr. and Mrs. Fitts, the owners of the car, knew before the accident occurred that the defect had not been repaired. I believe that under the alleged facts there can be no liability on the part of the repairman, Futrell, and that the trial judge correctly dismissed the suit as to that defendant and its insurer.
For these reasons, I respectfully dissent.