# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1388

LOLA M. CANTY

VERSUS

GENERAL MOTORS, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 47648
HONORABLE GLEN W. STRONG, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

**Fred Andrew Pharis**
**Pharis & Pharis**
**831 DeSoto Street**
**Alexandria, LA 71301**
**(318) 445-8266**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lola M. Canty**

Andrew Wallace Eversberg
Guglielmo, Marks, Schutte
320 Somerulos Street
Baton Rouge, LA 70802
(225) 387-6966
COUNSEL FOR DEFENDANT/APPELLEE:
     Williams Motor Co.

Margaret A. Cassisa Esq.
Attorney at Law
3838 N. Causeway, Suite 3050
Metairie, LA 70002
(504) 834-2612
COUNSEL FOR DEFENDANT/APPELLEE:
     General Motors, LLC

Jeffrey A. Clayman
James Ryan, III & Associates
201 St. Charles Ave., Ste 2420
New Orleans, LA 70170
(504) 599-5990
COUNSEL FOR DEFENDANT/APPELLEE:
     Performance Auto South, LLC

**SAUNDERS, Judge.**

This appeal arises from the trial court's grant of an exception of prescription filed by a company that performed repairs on a vehicle's steering column more than one year prior to that vehicle's steering allegedly being the cause of an automobile accident. The plaintiff in the matter is the owner of the vehicle and her cause of action is for the negligent repair of her vehicle and for the injuries she sustained in the single vehicle accident thereafter.

After reviewing the facts and briefs submitted by parties' counsel, we find that the trial court's grant of the exception of prescription was in error. Thus, we reverse the judgment of the trial court and remand the case for further proceedings.

**FACTS AND PROCEDURAL HISTORY:**

On May 17, 2012, plaintiff, Lola M. Canty, was driving her 2006 Chevrolet Malibu when she lost control of the vehicle and went into a ditch in a single car accident. Canty, who suffered personal injuries from the accident, alleged that the cause of the accident was when the vehicle's steer wheel "froze." On December 18, 2012, Canty filed suit against defendants, General Motors, LLC (GM), Performance Auto South, Inc. (Performance), and Williams Motor Company, Inc. (Williams). The suit was under the Louisiana Products Liability Act and for redhibition against GM; redhibition and negligent repairs against Performance, the seller of the vehicle; and for negligent repairs against Williams, which performed repairs on the vehicle prior to the wreck.

Performance filed an answer and a peremptory exception of prescription. Williams filed its own exception of prescription, which was consolidated with that of Performance. On May 30, 2013, a hearing was held on the consolidated exceptions. After the court took the matter under advisement, it granted the

exceptions and dismissed Performance and Williams from the suit. Canty appealed. While Canty's appeal was pending, settlement was reached between Canty and Performance, leaving the trial court's grant of Williams' exception at issue in this appeal.

**DISCUSSION OF THE MERITS:**

Canty asserts that the trial court erred in granting Williams' exception of prescription. We agree.

> The peremptory exception of prescription is provided for in La.Code Civ. P. art. 927(A)(1). When the exception of prescription is tried before the trial on the merits, "evidence may be introduced to support or controvert [the exception] when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.
>
> > When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*; *Younger v. Marshall Ind., Inc.*, 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993).
>
> *Eastin v. Entergy Corp.*, 03-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.
>
> If evidence is introduced, the trial court's findings of fact are then subject to a manifest error analysis. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La.10/17/06), 939 So.2d 1227. If no evidence is introduced, then the reviewing court simply determines whether the trial court's finding was legally correct. *Dauzart v. Fin. Indent. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

*Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30. "[F]or prescription to begin to run under Article 3492, it must be shown that the plaintiff knew or reasonably should have known that he or she has suffered harm due to a tortious act of the defendant[.]" *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La.1992).

2

On May 30, 2013, a hearing was held regarding Williams' exception. The evidence submitted at the hearing consisted of two work orders and the testimony of Sharon Mooney, an employee for Williams. Mooney testified that Williams first repaired Canty's vehicle from June 28, 2010, until July 1, 2010. According to Mooney, Canty's complaint could be duplicated upon inspecting the vehicle. That first repair by Williams was to diagnose why the vehicle's power steering light was illuminated. The repair performed was to replace the vehicle's power steering assist motor. Thereafter, the work order for that repair was entered into the record.

Next, Mooney testified regarding the second repair performed on Canty's vehicle. The repair was completed and the vehicle was returned to Canty on September 14, 2010. According to the repair order the complaint was listed as "STEERING WHEEL FREEZES UP AT TIMES." Prior to the second repair, Mooney recollected that they could not duplicate the complaint, but that they decided to replace the entire steering column because special coverage was granted by GM to cover the expenses associated with problems such as those experienced by Canty.

Mooney then testified that she spoke to Canty on the telephone "one to two months later and [Canty] told me she was still having problems with the steering." On cross examination, the following exchange between Canty's counsel and Mooney transpired regarding the contents of the telephone conversation:

Q      Now, [Canty] didn't tell you that the steering wheel was freezing up again, did she?

A      She told me she was still having problems with the steering when I spoke to her on the phone.

Q      She didn't say that it froze up, did she?

A      I don't believe. I don't believe she did.

According to Mooney, she advised Canty to bring the vehicle back so that the complaint could be investigated, but Canty did not do so because Williams could not guarantee that Canty would be provided a rental vehicle free of charge. According to Mooney, a rental vehicle was provided free of charge when the problem was caused by an issue covered under warranty, but may not be so if the cause of the problem was an issue not covered by warranty.

The trial court found that Canty's claim against Williams for negligent repairs began to run when Canty reported steering problems to Mooney one or two months after Williams' last repairs. According to the trial court, Canty knew there were problems with Williams' repair work at that time and her injury or damage occurred when the alleged defective repairs were made. Next, the trial court found that the burden was then on Canty to prove suspension of prescription due to lack of knowledge. Finally, the trial court found that Canty failed to carry this burden because she submitted no evidence that she lacked knowledge, and, as such, it granted Williams' exception of prescription.

After reviewing the record before us, we find that the trial court erred in finding that Canty's claim against Williams has prescribed. The fact alleged by Canty to have caused her accident was that the steering wheel of her vehicle froze. Mooney specifically testified that Canty did not state that freezing up of the steering wheel was the reason that Canty called on that day. Further, in the second repair, the entire steering column was replaced on Canty's vehicle. Thus, there is no reasonable basis for the trial court to have found that the Canty knew or should have known that the allegedly negligent repair would cause her steering to freeze

4

up on the date of the telephone call, and, thereafter, shift the burden to Canty to prove a lack of knowledge.

The specific reason that the entire steering column was replaced was that it would freeze at times. Canty arguably would have stated as much to Mooney had it continued to do the same after having all of the parts of the steering column replaced. Further, the trial court's finding necessitates belief that Canty would have knowledge that her vehicle's steering could freeze up at any time, but choose to continue to drive the vehicle for nearly two years without once bringing it to have it repaired. While this may be a possibility, this issue is better dealt with in allocation of fault, not through the harsh remedy of prescription. Accordingly, we reverse the trial court's grant of Williams' exception of prescription and remand the case for further proceedings.

This case is argued on the premise that the prescriptive period of one year is applicable. However, there is jurisprudence that a ten-year prescriptive period is applicable in this circuit to a situation such as this one. In *Block v. Fitts*, 274 So.2d 811, 813 (La.App. 3 Cir. 1973), this court stated:

> [a] claim for damages asserted by the owner of a vehicle against the repairman ordinarily is based on breach of contract, since a 'privity of contract' exists between those parties. No privity of contract exists between a third person and the repairman, however, so a suit for damages instituted by the third person against the repairman must be regarded as an action in tort.

Contrarily, there is jurisprudence from other circuits holding that the one-year period applies. See, for example, *Trinity Universal Ins. Co. v. Horton*, 33,157 (La.App. 2 Cir. 4/5/00), 756 So.2d 637; *K & M Enterprises of Slaughter, Inc. v. Richland Equipment Co., Inc.*, 96-2292 (La.App. 1 Cir. 9/19/97), 700 So.2d 921.

5

The parties have not briefed or argued the applicability of *Block*. Further, a determination of its applicability is not necessary to reach our decision. Therefore, we mention it only for the purposes of completeness and clarification that this opinion is in no way meant to conflict with *Block*.

**CONCLUSION:**

Ms. Lola M. Canty asserts that the trial court erred in granting Williams Motor Company, Inc.'s exception of prescription. We find merit to this assigned error. The judgment of the trial court is reversed, and the case is remanded for further proceedings. We assess all costs of this appeal to Williams.

**REVERSED AND REMANDED.**